■ In the Matter of JEAN F. LE BLANC, Appellant, v AMI S. MORRISON, Respondent. [733 NYS2d 294] —Spain, J. Appeal from an order of the Family Court of Clinton County (McGill, J.), entered January 12, 1999, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody.

The parties are the biological parents of a daughter born in 1992. They separated permanently in 1993 and stipulated in 1994 to an order of joint legal and physical custody. In August 1996, pursuant to an agreement between the parties, an amended order was issued by Family Court placing the primary physical residence of the child with respondent subject to extensive custodial periods granted to petitioner and granting each party "reasonable telephone access to the child during the other party's physical custodial periods."

In June 1998, petitioner filed an application to modify the prior order, alleging a change in circumstances in that, *inter alia*, respondent had been neglectful and had "consistently and systematically" interfered with petitioner's relationship with the child. Petitioner also filed a violation petition alleging, *inter alia*, that respondent had interfered with petitioner's telephone contact and visitation. On July 22, 1998, at the initial appearance of the parties on these petitions, Family Court ordered home studies and psychological evaluations, appointed a Law Guardian, and granted respondent an additional two weeks to file answers to the petitions. The case was set down for a hearing on September 8, 1998 at which respondent belatedly filed and served an answer to the violation petition, an answer to petitioner's custody petition and a cross petition for sole legal and physical custody. Petitioner requested that Family Court not entertain the answers or cross petition since they were untimely. Family Court denied this request and proceeded to trial without the court-ordered home studies and psychological evaluations which had not—at that time—been completed.

At the close of petitioner's case, Family Court granted respondent's motion to dismiss petitioner's custody modification petition, concluding that petitioner had failed to establish a prima facie case of a change of circumstances. The court also granted respondent's cross petition for sole custody, without taking further proof, concluding that joint custody was no longer appropriate due to the "warring" between the parties, evidenced by the fact that the parties "brought lawsuits against each other." However, Family Court denied respondent's motion to dismiss petitioner's violation petition, finding that a prima facie case had been established. At the conclusion of the violation hearing at which only respondent testified, Family Court found that she had, in fact, willfully violated the prior orders of the court. The court modified petitioner's telephone access to the child by specifically providing that his telephone calls occur once a week on Wednesdays between 8:00 P.M. and 9:00 P.M. and that respondent is now obligated to provide petitioner with the phone number of wherever the child is located during that period of time. Petitioner appeals.

In our view, Family Court abused its discretion in granting respondent's motion to dismiss petitioner's modification petition. It is settled law that "a change in an established custody arrangement should be allowed only upon a showing of a sufficient change in circumstances demonstrating a real need for a change in order to insure the child's best interest" (*Matter*

of *Muzzi v Muzzi*, 189 AD2d 1022, 1023; *see, Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903). "Such a change in circumstances may be demonstrated by, *inter alia*, * * * interference with the noncustodial parent's visitation rights and/or telephone access" (*Markey v Bederian*, 274 AD2d 816, 817 [citations omitted]). Moreover, where a respondent moves to dismiss a modification proceeding at the conclusion of the petitioner's proof, the court must accept as true the petitioner's proof and afford the petitioner every favorable inference that reasonably could be drawn therefrom (*see, Matter of Jessica UU.*, 174 AD2d 98, 100; *see also*, CPLR 4401; Family Ct Act § 165 [a]). Importantly, "[q]uestions of witness credibility are to be resolved in favor of the nonmoving party as well" (*Wayne County Dept. of Social Servs. v Titcomb*, 124 AD2d 989, 989).

Here, as determined by Family Court, petitioner clearly established that respondent had willfully interfered with his access to the child. Additionally, respondent's own testimony established that, commencing in January 1998, while the child attended grammar school, she worked Monday through Friday and sometimes on weekends from 4:00 P.M. to 12:30 A.M. and that her sister-in-law—and later respondent's mother—cared for the child during which time the child regularly had dinner, went to bed and got up and went off to school in the morning, all in respondent's absence. There is also uncontroverted testimony that respondent, among other disturbing and harmful behavior, had tantrums during which she said hurtful and demeaning things to the child, made negative comments regarding petitioner's family in front of the child, threatened to kill petitioner and his parents, and threatened that she would move to Mexico, thereby preventing petitioner from ever seeing the child again.

Accepted as true, as it must be in this procedural posture, this behavior—coupled with the proof that respondent had, since the agreed-upon amended order, virtually abdicated her role as the child's primary caretaker—establishes a prima facie showing that a change in circumstances had occurred (*see, Markey v Bederian, supra*).* To the extent that Family Court's contrary finding was premised upon the absence of proof that

---

* We find troublesome that Family Court made its ruling without the benefit of the Probation Department home study reports and the psychological evaluation reports it had ordered less than two months earlier which had not yet been completed, stating that either party could file a new petition for relief based upon the reports when they were ultimately received. Such reports are time consuming and often have great value in cases such as this. Once the court determined that they were important enough to order, the commencement of the trial should have awaited their availability or the

the child had been "adversely affected" by respondent's actions, this Court recently noted that "such a finding, although plainly relevant in assessing respondent's ability to be an effective parent and in ascertaining to whom custody should be awarded, is of no moment in determining whether a sufficient change in circumstances has been demonstrated in the first instance" (id., at 818 n 3).

While petitioner's proof focused on these changes in circumstances, he also presented uncontroverted evidence that his home environment was stable and could accommodate his daughter, and that he would be available to care for her more hours of the day than respondent. In our view, petitioner also made at least a prima facie showing that a transfer of custody would be in the child's best interest. Accordingly, this matter should be remitted to Family Court for a de novo trial on the modification petition and the cross petition for sole custody. The new trial shall be scheduled following the completion and receipt of updated home-study and psychological reports.

Cardona, P. J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed petitioner's modification petition and granted respondent's cross petition for sole custody; matter remitted to the Family Court of Clinton County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

court should have sought to expedite their completion. Under these circumstances, proceeding to trial in their absence denegrated their importance and was error.