■ Asa C. Swick, Respondent, v Timothy Jones et al., Appellants. [748 NYS2d 77] —Appeal from an order of Supreme Court, Seneca County (Bender, J.), entered December 27, 2001, which granted plaintiff's motion to enforce a settlement agreement.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs for reasons stated in decision at Supreme Court, Seneca County, Bender, J. Present—Green, J.P., Wisner, Scudder, Burns and Gorski, JJ.

■ In the Matter of Stacey K. Michaud, Appellant, v Ronald J. Smith, Sr., Respondent. (Proceeding No. 1.) In the Matter of Jacqueline G. Smith, Respondent, v Stacey K. Michaud, Appellant, et al., Respondent. (Proceeding No. 2.) [747 NYS2d 827] —Appeal from an order of Family Court, Herkimer County (Flemma, J.H.O.), entered February 21, 2001, which granted the petition of Jacqueline G. Smith, awarded primary physical custody of the child to her and visitation to Stacey K. Michaud.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In these related proceedings, Stacey K. Michaud, the mother of Ronald J. Smith, Jr., and Jacqueline G. Smith, the child's paternal grandmother, filed petitions seeking modification of an order that awarded custody of the child to his father, Ronald J. Smith, Sr. Both the mother and grandmother sought primary physical custody of the child. Following a hearing on the petitions, Family Court granted the grandmother's petition. Contrary to the contention of the mother, the court properly denied her oral motion to dismiss the grandmother's petition for failure to state a cause of action (see LaGuardia v City of New York, 237 AD2d 257) and her subsequent motion to dismiss the grandmother's petition at the conclusion of the grandmother's proof on that petition (see Matter of Le Blanc v Morrison, 288 AD2d 768, 769-770). The record supports the court's determination that the grandmother met her burden of proving that extraordinary circumstances exist to deprive the mother of her superior right to custody (see Matter of Gary G. v Roslyn P., 248 AD2d 980, 981; Matter of Michael G.B. v Angela L.B., 219 AD2d 289, 291) and that the best interests of the child would be served by awarding primary physical custody to the grandmother. Present—Green, J.P., Wisner, Scudder, Burns and Gorski, JJ.