In the Matter of CONSUELA KERWIN, Appellant, v MICHAEL KERWIN, Respondent. [833 NYS2d 694]—

Crew III, J.P. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered April 14, 2005, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner and respondent, who divorced in February 2001, are the biological parents of a daughter, Keirstin (born in 1999). The parties initially stipulated to joint legal custody, with physical custody to petitioner and visitation to respondent. That arrangement proceeded without incident until early 2004, when petitioner apparently asked respondent to assume temporary physical custody of the child. Although not entirely clear from the record, it appears that respondent thereafter moved to modify the prior custody stipulation/order and, upon petitioner's default, respondent was granted physical custody of the child in May 2004. Petitioner's subsequent motion to vacate the default order was denied.

Petitioner thereafter commenced the instant proceeding seeking to modify the May 2004 custody order. At the conclusion of the hearing that followed, at which only petitioner and respondent appeared and testified, Family Court granted respondent's motion to dismiss, finding that petitioner failed to make the requisite showing of a sufficient change in circumstances to warrant modification of the prior order. This appeal by petitioner ensued.

We affirm. The case law makes clear that an existing custody order will be modified only when the party seeking the modification demonstrates a sufficient change in circumstances since entry of the prior order to warrant modification thereof in the child's best interest (*see Matter of Peck v Bush*, 35 AD3d 1118 [2006]). Indeed, "[i]t is only when this threshold showing has been made that Family Court may proceed to undertake a best interest analysis" (*Matter of Meyer v Lerche*, 24 AD3d 976, 977 [2005]). Simply put, no such showing was made here.

Even accepting petitioner's proof as true and affording her every favorable inference that reasonably may be drawn therefrom, as we must on a motion to dismiss (*see Matter of Le Blanc v Morrison*, 288 AD2d 768, 770 [2001]), the record falls short of demonstrating a material change in circumstances since entry of the prior custody order. Indeed, the record reflects that neither party has any serious misgivings regarding the other's parenting skills, and that, regardless of who had physical custody of the child at a particular point in time, they afforded each other liberal visitation and telephone access to the child and were able to amicably and effectively communicate regarding the child's educational and health issues. In short, there is no evidence of any deterioration in the parties' relationship since entry of the May 2004 order, nor is there anything in the record to suggest that respondent somehow became less fit to parent the child following entry of that order. To the extent that petitioner points to her prior status as the primary caregiver and argues that respondent's work schedule limits the time that he is able to spend with the child, such issues, while plainly relevant to the best interest prong of the analysis, are insufficient to demonstrate the required change in circumstances.* Accordingly, we cannot say that Family Court erred in granting respondent's motion to dismiss.

As a final matter, although petitioner and the Law Guardian now contend that the Law Guardian was precluded from offering proof at the underlying hearing, we need note only that the record fails to support this claim. There is no indication in the transcript that the Law Guardian ever indicated that he wished to put on proof, and the record as a whole fails to disclose any " 'controverted allegations [that would] benefit [from] a full hearing' " (*Matter of Williams v Williams*, 35 AD3d 1098, 1100 [2006], quoting *Matter of Cornell v Cornell*, 8 AD3d 718, 719 [2004]). Thus, Family Court's order is affirmed.

---

* If petitioner wished to litigate the issue of custody, her remedy was to appeal the denial of her motion to vacate the May 2004 order entered upon default, which she failed to do.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

