■ In the Matter of DAVID WW., Appellant, v LAUREEN QQ., Respondent. G. SCOTT WALLING, as Law Guardian for JACOB WW., Appellant. (And Another Related Proceeding.) [839 NYS2d 839]—

Kane, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered May 24, 2006, which dismissed petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

The parties are the divorced parents of two sons, the younger of whom is Jacob WW. (born in 1991). A prior consent order provided for joint legal custody, primary physical custody with respondent and visitation to petitioner. Petitioner filed a custody modification petition as a result of Jacob's unacceptable academic performance, his desire to live with petitioner, his poor relationship with respondent's husband, and an incident where respondent's husband allegedly assaulted Jacob and respondent had Jacob removed from the home by police and taken to the hospital for a mental health evaluation. Respondent filed a cross petition to modify visitation. At a hearing on the petitions, after petitioner presented eight witnesses and two of respondent's

witnesses testified out of order, petitioner rested. Respondent moved for a directed verdict. Family Court disregarded Jacob's testimony and any testimony based on information received from him, determining that Jacob was not a reliable witness. Without this testimony, the court determined that petitioner failed to present a prima facie case and dismissed his petition. Respondent then rested. Family Court granted respondent sole legal custody of both children. Jacob's Law Guardian and petitioner appeal.

Because petitioner presented a prima facie case for modification of custody, Family Court should not have granted respondent's motion to dismiss the petition. When deciding a motion to dismiss at the close of a petitioner's proof, the court must accept the petitioner's evidence as true and afford the petitioner every favorable inference that could reasonably be drawn from that evidence, including resolving all credibility questions in the petitioner's favor (*see Matter of Kerwin v Kerwin*, 39 AD3d 950, 951 [2007]; *Matter of Le Blanc v Morrison*, 288 AD2d 768, 770 [2001]; *see also Calafiore v Kiley*, 303 AD2d 816, 816-817 [2003]). Here, the court acknowledged that it was resolving credibility questions in a manner that would require it to disregard large portions of testimony offered on petitioner's case. In this way, the court did not adhere to the proper standard when considering the motion.

Accepting petitioner's proof as true, Jacob was failing every class, respondent and members of her household demeaned petitioner in Jacob's presence and interfered with Jacob's ability to communicate with him, respondent failed to protect Jacob from his older brother, respondent's husband physically assaulted Jacob in respondent's presence and Jacob strongly desired to live with petitioner. Considering this proof in the proper light, and giving less weight to the prior order as it was issued on consent (*see Redder v Redder*, 17 AD3d 10, 13 [2005]; *Matter of Crippen v Keator*, 9 AD3d 535, 536 [2004]), Family Court should have denied respondent's motion to dismiss the petition because petitioner presented sufficient prima facie evidence of a change in circumstances and a need to modify custody to ensure Jacob's best interests (*see Matter of Le Blanc v Morrison, supra* at 770). Accordingly, we remit for further proceedings on the custody and visitation petitions before a different judge.

Crew III, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, without costs, respondent's motion to dismiss denied, and matter remitted to the Family Court of Clinton County for further proceedings not inconsistent with this Court's decision before a different judge.