■ In the Matter of COLLEEN RUIZ, Appellant, v CHARLOTTE TRAVIS et al., Respondents. [924 NYS2d 456]—

■■■■■■■■■■■■■■■■■■■■■■■■

In a custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (Edlitz, J.), entered February 17, 2010, as, upon a hearing on the issue of extraordinary circumstances, after which it was found that the paternal grandmother established the existence of extraordinary circumstances, and, upon a hearing on the issues of the best interests of the subject child and change of circumstances, in effect, granted the motion of the paternal grandmother, the father, and the Attorney for the Child, made at the close of the mother's case, to dismiss the mother's petition to modify an order of the same court dated February 25, 2008, entered upon the consent of the parties, inter alia, awarding the grandmother and the mother joint legal custody of the subject child with sole physical custody to the grandmother, so as to award the mother sole physical and legal custody of the child, and dismissed the petition.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof, in effect, granting the motion of the paternal grandmother, the father, and the Attorney for the Child, made at the close of the mother's case, to dismiss the mother's petition, and substituting therefor a provision denying the motion, and (2) by deleting the provision dismissing the petition; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, the mother's petition is reinstated, and the matter is remitted to the Family Court, Westchester County, for further proceedings consistent herewith.

In a custody proceeding between a parent and a nonparent, "the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persisting neglect, unfitness, or other like extraordinary circumstances" (Matter of Souza v Bennett, 81 AD3d 836, 836 [2011] [internal quotation marks omitted], quoting Matter of Fishburne v Teelucksingh, 34 AD3d 804, 804 [2006]; see Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]). The nonparent has the burden of establishing the existence of extraordinary circumstances "even when there is a prior order awarding custody of a

child to [the] nonparent which was issued on the consent of the parties" (*Matter of Wright v Wright*, 81 AD3d 740, 740 [2011]; *see Matter of Fishburne v Teelucksingh*, 34 AD3d 804 [2006]).

Contrary to the mother's contention, the Family Court's finding, after a hearing, that the paternal grandmother demonstrated the existence of extraordinary circumstances has a sound and substantial basis in the record (*see* Domestic Relations Law § 72 [2] [b]; *Matter of Wright v Wright*, 81 AD3d 740 [2011]; *Matter of Gilchrest v Patterson*, 55 AD3d 833 [2008]; *Matter of Carton v Grimm*, 51 AD3d 1111, 1113 [2008]). As the paternal grandmother demonstrated that she had supported and cared for the child since the child's birth, without significant contribution from the mother during the first two years of the child's life, the paternal grandmother established an " 'extended disruption of custody' " during which the mother "voluntarily relinquished care and control of the child" (Domestic Relations Law § 72 [2] [b]; *see Matter of Wright v Wright*, 81 AD3d 740 [2011]; *Matter of Gilchrest v Patterson*, 55 AD3d 833 [2008]).

However, the Family Court erred by, in effect, granting the motion of the paternal grandmother, the father, and the Attorney for the Child, made at the close of the mother's case at a separate hearing on the issues of the best interests of the child and change of circumstances, to dismiss the mother's petition to modify the custody order dated February 25, 2008. Contrary to the Family Court's conclusion, the mother's evidence adequately demonstrated a change of circumstances which might warrant modification of custody in the best interests of the child. In particular, the mother made a showing that she had maintained sobriety for a prolonged period, that she had obtained full-time employment, that she had been active in obtaining certain medical treatment for the child and had attended the child's medical appointments and meetings at school when advised of them, and that the child had developed a bond with her and with her other daughter, of whom the mother had custody. In light of this evidence, the Family Court erred in dismissing the mother's petition at the close of the mother's case. Accordingly, the matter must be remitted to the Family Court, Westchester County, for a continued hearing as to whether a change in circumstances exists which requires a modification of custody to ensure the continued best interests of the child (*cf. Matter of David WW. v Laureen QQ.*, 42 AD3d 685, 686 [2007]; *Matter of Ortiz v Ortiz*, 6 AD3d 619 [2004]; *see generally Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). Skelos, J.P., Dickerson, Hall and Sgroi, JJ., concur.