■ In the Matter of REEVA ARONOWICH-CULHANE, Appellant, v ANGELIQUE FOURNIER, Respondent. [943 NYS2d 174]—In related

custody and visitation proceedings pursuant to Family Court Act article 6, the paternal grandmother appeals from an order of the Family Court, Kings County (Valme-Lundy, Ct. Atty. Ref.), dated June 3, 2011, which, without a hearing, dismissed her petition to modify the custody provisions of an order of custody and visitation of the Supreme Court, Bronx County (Kiesel, J.), dated April 30, 2009, so as to award her sole custody of the subject children.

Ordered that the order dated June 3, 2011, is affirmed, without costs or disbursements.

"Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child" (*Matter of Strand-O'Shea v O'Shea*, 32 AD3d 398, 398 [2006]; *see Matter of Fitje v Fitje*, 87 AD3d 599, 600 [2011]; *Matter of Deochand v Deochand*, 80 AD3d 609, 610 [2011]; *Matter of Mazurkiewicz v Pindor-Mazurkiewicz*, 80 AD3d 615, 616 [2011]). "A party seeking such a modification is not automatically entitled to a hearing on the application, but first must make an evidentiary showing sufficient to warrant a hearing" (*Matter of Fitje v Fitje*, 87 AD3d at 600; *see Matter of Deochand v Deochand*, 80 AD3d at 610; *Matter of Mazzola v Lee*, 76 AD3d 531 [2010]; *Matter of Grassi v Grassi*, 28 AD3d 482 [2006]; *Matter of Carpenter v Whitaker*, 5 AD3d 681 [2004]). Here, the conclusory, unsubstantiated, and nonspecific allegations set forth in the paternal grandmother's petition failed to meet this standard, and the Family Court properly dismissed the petition without a hearing (*see Matter of Fitje v Fitje*, 87 AD3d at 600; *Matter of Deochand v Deochand*, 80 AD3d at 610; *Matter of Grant v Hunter*, 64 AD3d 779 [2009]; *Matter of Blackstock v Price*, 51 AD3d 914, 915 [2008]). Skelos, J.P., Florio, Eng and Roman, JJ., concur.