To modify an existing custody arrangement, there must be a showing of a change in circumstances such that modification is required to ensure the best interests of the child (see Matter of Aronowich-Culhane v Fournier, 94 AD3d 1114 [2012]; Matter of Sparacio v Fitzgerald, 73 AD3d 790 [2010]; Matter of Russell v Russell, 72 AD3d 973 [2010]; Trinagel v Boyar, 70 AD3d 816 [2010]). The best interests of the child are determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of Wakefield v Wakefield, 74 AD3d 1213 [2010]; Matter of Ross v Ross, 68 AD3d 878 [2009]). In deciding a motion to dismiss for failure to establish a prima facie case, the court must accept the petitioner’s evidence as true and afford the petitioner the benefit of every favorable inference that can reasonably be drawn therefrom (see Matter of Ramroop v Ramsagar, 74 AD3d 1208 [2010]; Matter of David WW. v Laureen QQ., 42 AD3d 685 [2007]; Matter of Kerwin v Kerwin, 39 AD3d 950 [2007]).
Here, accepting the father’s evidence as true and affording him the benefit of every favorable inference, the father presented sufficient prima facie evidence of a change of circumstances which might warrant modification of custody in the best *802 interests of the child (see Matter of Ramroop v Ramsagar, 74 AD3d 1208 [2010]). The Family Court therefore erred in granting the mother’s application, made at the close of the father’s case, to dismiss the father’s petition for modification (see Matter of Ruiz v Travis, 84 AD3d 1242 [2011]; Matter of David WW. v Laureen QQ., 42 AD3d 685 [2007]). The Family Court also erred in dismissing, at the close of the father’s case, the father’s petition alleging that the mother had violated the court’s prior order of custody and visitation, where the evidence sufficiently established, prima facie, that the mother had violated a condition of the prior order which prohibited the child from being in the presence of a certain individual. Moreover, the Family Court erred in dismissing the father’s petitions without providing the attorney for the child a reasonable opportunity to present evidence (cf. Matter of Krieger v Krieger, 65 AD3d 1350 [2009]).
While forensic evaluations may not be needed in all custody determinations (see Matter of Gonzalez v Gonzalez, 15 AD3d 481 [2005]; Stern v Stern, 225 AD2d 540 [1996]), under the circumstances presented, and in light of allegations concerning the mother’s parental fitness and mental health, the Family Court should have ordered forensic evaluations in this case.
The parties’ remaining contentions are without merit. Skelos, J.E, Balkin, Leventhal and Cohen, JJ., concur.