In the Matter of C.H., Appellant, v F.M., Respondent. [14 NYS3d 482]—Appeal from an order of the Family Court, Queens County (John M. Hunt, J.), dated December 16, 2013. The order granted the father's motion, made at the close of the mother's case, to dismiss the mother's petition to modify an order of custody and visitation of that court dated June 20, 2013.

Ordered that the order dated December 16, 2013, is affirmed, without costs or disbursements.

A final order of custody and visitation dated June 20, 2013, awarded custody of the subject child to the mother and awarded visitation to the father as per an attached stipulation. In October 2013, the mother filed a petition to modify the visitation provisions of the June 20, 2013, order. The Family Court conducted a hearing and, at the conclusion of the mother's case, granted the father's motion to dismiss her petition for failure to establish a prima facie case.

An order of custody or visitation may be modified only upon a showing that there has been a subsequent change of circumstances such that modification is required to ensure the best interests of the child (*see Vollkommer v Vollkommer*, 101 AD3d 1108 [2012]; *Matter of James R.O. v Cond-Arnold*, 99 AD3d 801 [2012]; *Matter of Aronowich-Culhane v Fournier*, 94 AD3d 1114 [2012]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). In deciding a motion to dismiss a petition for failure to establish a prima facie case, the court must accept the petitioner's evidence as true and afford the petitioner the benefit of every favorable inference that can reasonably be drawn therefrom (*see Matter of James R.O. v Cond-Arnold*, 99 AD3d 801 [2012]; *Matter of David WW. v Laureen QQ.*, 42 AD3d 685 [2007]; *Matter of Kerwin v Kerwin*, 39 AD3d 950 [2007]).

Here, even accepting the mother's evidence as true, and affording her the benefit of every favorable inference, the mother failed to present sufficient prima facie evidence of a change of

circumstances which would require modification of the visitation provisions of the prior order to ensure the best interests of the subject child (*see Matter of Kerwin v Kerwin*, 39 AD3d 950 [2007]). The Family Court, therefore, properly granted father's motion, made at the close of the mother's case, to dismiss the mother's petition for modification.

The mother correctly contends that the Family Court's questioning of her during her testimony, which included pointed and persistent challenges to her credibility, was inappropriate. Under the circumstances of this case, the court's conduct did not operate to deprive the mother of a fair trial. However, we take this opportunity to remind the court that it must strictly avoid taking on " 'either the function or appearance of an advocate at trial' " (*Matter of Jacqulin M.*, 83 AD3d 844, 845 [2011], quoting *People v Arnold*, 98 NY2d 63, 67 [2002]).

The parties' remaining contentions are without merit. Skelos, J.P., Chambers, Maltese and Duffy, JJ., concur.

---

Cross motion by the respondent to dismiss an appeal from an order of the Family Court, Queens County, dated December 16, 2013, on the ground that it has been rendered academic. By decision and order on motion of this Court dated June 18, 2014, the cross motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof. Motion by the appellant to strike stated portions of the brief filed by the attorney for the child. By decision and order on motion of this Court dated January 29, 2015, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the cross motion and the papers filed in opposition thereto, and upon the papers filed in support of the motion, and no papers having been filed in opposition or in relation thereto, and upon the submission of the appeal, it is

Ordered that the cross motion is denied; and it is further,

Ordered that the motion is granted, and those portions of the brief of the attorney for the child which are specified in paragraphs five, seven, and eight of the affirmation of Joseph H. Nivin dated December 1, 2014, submitted in support of the motion, are deemed stricken and have not been considered in the determination of the appeal. Skelos, J.P., Chambers, Maltese and Duffy, JJ., concur.