■ In the Matter of HELADIA CRUZ, Appellant, v DAVID FIGUEROA, Respondent. [17 NYS3d 503]—Appeal from an order of disposition of the Family Court, Kings County (Leticia M. Ramirez, J.), dated April 29, 2014. The order of disposition, upon the granting of the father's motion, made at the close of the mother's case at a fact-finding hearing, for judgment as a matter of law dismissing a petition by the mother for modification of a custody order, dismissed the petition.

Ordered that the order of disposition is affirmed, without costs or disbursements.

"An order of custody or visitation may be modified only upon a showing that there has been a subsequent change of circumstances such that modification is required to ensure the best interests of the child" (Matter of C.H. v F.M., 130 AD3d 1028, 1028 [2015]; see Vollkommer v Vollkommer, 101 AD3d 1108, 1108 [2012]; Matter of James R.O. v Cond-Arnold, 99 AD3d 801, 801 [2012]; Matter of Aronowich-Culhane v Fournier, 94 AD3d 1114, 1115 [2012]). In deciding a motion for judgment as a matter of law dismissing a petition for failure to establish a prima facie case, the court must accept the petitioner's evidence as true and afford the petitioner the benefit of every favorable inference that can reasonably be drawn therefrom (see Matter of C.H. v F.M., 130 AD3d at 1028; Matter of James R.O. v Cond-Arnold, 99 AD3d at 801; Matter of Ramroop v Ramsagar, 74 AD3d 1208, 1209 [2010]; Matter of David WW. v Laureen QQ., 42 AD3d 685, 686 [2007]; Matter of Kerwin v Kerwin, 39 AD3d 950, 951 [2007]). Here, accepting her evidence as true and affording her the benefit of every reasonable inference, the mother failed to present evidence sufficient to

establish a prima facie case of a change of circumstances which might warrant modification of the underlying custody order (*see Matter of C.H. v F.M.*, 130 AD3d at 1028). The Family Court, therefore, properly granted the father's motion, made at the close of the mother's case, for judgment as a matter of law dismissing the petition for modification of the custody order.

"The grant or denial of a motion for 'an adjournment for any purpose is a matter resting within the sound discretion of the trial court' " (*Matter of Steven B.*, 6 NY3d 888, 889 [2006], quoting *Matter of Anthony M.*, 63 NY2d 270, 283 [1984]; *see Matter of Venditto v Davis*, 39 AD3d 555 [2007]; *Matter of Paulino v Camacho*, 36 AD3d 821, 822 [2007]). "In making such a determination, the court must undertake a balanced consideration of all relevant factors" (*Matter of Sicurella v Embro*, 31 AD3d 651, 651 [2006]). Under the circumstances of this case, the Family Court providently exercised its discretion in denying the mother's request for an adjournment (*see generally Matter of Ca'leb R.D. [Mary D.S.]*, 121 AD3d 890, 891 [2014]; *Diamond v Diamante*, 57 AD3d 826, 827-828 [2008]; *Matter of Venditto v Davis*, 39 AD3d 555 [2007]; *Matter of Paulino v Camacho*, 36 AD3d at 822).

The mother's contention that she was deprived of the effective assistance of counsel is without merit. Viewed in totality, the record shows that the mother received meaningful representation (*see Matter of Dylan Mc. [Michelle M. Mc.]*, 105 AD3d 1049, 1050 [2013]; *Matter of Marra v Hernandez*, 102 AD3d 699, 700 [2013]; *Matter of Rodriguez v Suarez*, 93 AD3d 730, 730 [2012]). Rivera, J.P., Roman, LaSalle and Barros, JJ., concur.