Matter of Brodie v Sepulveda (2018 NY Slip Op 05033)





Matter of Brodie v Sepulveda


2018 NY Slip Op 05033


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2017-05120
 (Docket Nos. V-342-14, V-343-14)

[*1]In the Matter of Tameka Brodie, appellant, 
v
Ricardo Sepulveda, respondent.


Beth E. Goldman, New York, NY (Alexandra Lewis-Reisen and Tuozhi Zhen of counsel), for appellant.
Deana Balahtsis, New York, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Ashley Black, Ct. Atty. Ref.), dated May 11, 2017. The order granted the motion of the attorney for the children, in which the father joined, made at the close of the mother's case, to dismiss the mother's petition to modify a prior order of custody of the same court (Jane A. McGrady, Ct. Atty. Ref.) dated April 29, 2014, on the ground that the mother failed to establish a prime facie case.
ORDERED that the order dated May 11, 2017, is affirmed, without costs or disbursements.
A final order of custody dated April 29, 2014, awarded custody of the parties' children to the father. In October 2015, the mother filed a petition to modify that order so as to award her custody. The Family Court conducted a hearing on the petition. At the close of the mother's case, the Family Court granted the motion of the attorney for the children, in which the father joined, to dismiss the petition on the ground that the mother failed to establish a prima facie case. The mother appeals.
"An order of custody or visitation may be modified only upon a showing that there has been a subsequent change of circumstances such that modification is required to ensure the best interests of the child" (Matter of C.H. v F.M., 130 AD3d 1028, 1028; see Matter of Bacchus v McGregor, 147 AD3d 1049, 1050; Matter of Cruz v Figueroa, 132 AD3d 669). "In deciding a motion to dismiss a petition for failure to establish a prima facie case, the court must accept the petitioner's evidence as true and afford the petitioner the benefit of every favorable inference that can reasonably be drawn therefrom" (Matter of Bacchus v McGregor, 147 AD3d at 1050; see Matter of Cruz v Figueroa, 132 AD3d at 669-670; Matter of C.H. v F.M., 130 AD3d at 1028).
Here, accepting the mother's evidence as true, and affording her the benefit of every reasonable inference, she failed to present evidence sufficient to establish a prima facie case of a change of circumstances which might warrant modification of the underlying custody order (see [*2]Matter of Bacchus v McGregor, 147 AD3d at 1050; Matter of Cruz v Figueroa, 132 AD3d at 669; Matter of C.H. v F.M., 130 AD3d at 1028-1029).
The mother's remaining contentions are without merit.
Accordingly, we agree with the Family Court's determination granting the motion of the attorney for the children, in which the father joined, made at the close of the mother's case, to dismiss the mother's petition.
DILLON, J.P., LEVENTHAL, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court