Matter of Gonzalez v Santiago (2018 NY Slip Op 08652)





Matter of Gonzalez v Santiago


2018 NY Slip Op 08652


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-13452
 (Docket No. V-173-13/16F)

[*1]In the Matter of Adam Gonzalez, appellant,
v
Rachel Santiago, respondent.


Joseph J. Artrip, Cornwall, NY, for appellant.
Legal Services of the Hudson Valley, Newburgh, NY (Kassandra D. Brescia of counsel), for respondent.
Gloria Marchetti-Bruck, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), dated October 27, 2016. The order, in effect, granted the application of the attorney for the child, in which the mother joined, made at the close of the father's case, to dismiss the father's petition to modify an order of the same court dated October 13, 2015 (Debra J. Kiedaish, J.), which, inter alia, awarded the father four hours of professionally supervised parental access with the child each week at the father's sole expense, so as to remove the requirement of professional supervision, and dismissed the petition for failure to establish a substantial change in circumstances.
ORDERED that the order dated October 27, 2016, is reversed, on the law and the facts, without costs or disbursements, the application to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Family Court, Orange County, for further proceedings consistent herewith.
The parties, who were never married, have one child in common. The parties separated when the child was approximately six months old, after allegations of domestic violence were made by the mother against the father. The father petitioned for custody of the child and the mother petitioned for custody and an order of protection in her favor and against the father. The
petitions were resolved in an order of custody and parental access which, inter alia, awarded custody of the child to the mother and four hours of unsupervised parental access each week to the father. A few months later, the mother petitioned to modify the order of custody and parental access to make the parental access supervised, based upon allegations that the father had harmed the child. After a hearing, the Family Court, by order dated October 13, 2015, granted the mother's petition and directed that all of the father's parental access be professionally supervised at the sole expense of the father. A few months later, the father petitioned to modify the order of custody and parental access to remove the requirement that the parental access be professionally supervised at his expense, on the ground that he had recently lost his job and could not afford the cost of professional supervision. At a hearing on his petition, the father testified that he had lost his job in February 2016, a few months after the order of custody and parental access was made, and since that time, he had exercised parental access with the child on a limited basis due to the cost of professional supervision. He admitted that the cost of professional supervision was [*2]prohibitive even when he was employed but that, since losing his job, his parental access had further decreased. At the close of the father's case, the attorney for the child made an application to dismiss the petition on the ground that the father had failed to establish his prima facie case of showing a change of circumstances, given his admission that it was always difficult to pay the cost of professional supervision regardless of his employment status. The attorney for the mother joined in the application and, over the father's opposition, the court granted the application and dismissed the father's petition. The father appeals.
A party seeking modification of an existing custody or parental access order must demonstrate that there has been a change in circumstances such that modification is required to protect the best interests of the child (see Matter of Henry v Tucker, 157 AD3d 892, 893; Matter of Zall v Theiss, 144 AD3d 831, 832). The best interests of the child are determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171). In deciding a motion to dismiss for failure to establish a prima facie case, the court must accept the petitioner's evidence as true and afford the petitioner the benefit of every favorable inference that can reasonably be drawn therefrom (see Matter of Cruz v Figeuroa, 132 AD3d 669; Matter of C.H. v F.M., 130 AD3d 1028; Matter of R.O. v Cond-Arnold, 99 AD3d 801; Matter of Ramroop v Ramsagar, 74 AD3d 1208).
Here, accepting the father's evidence as true and affording him the benefit of every favorable inference, the father presented sufficient prima facie evidence of a change of circumstances which might warrant modification of parental access in the best interests of the child. We therefore disagree with the Family Court's determination granting the application to dismiss the father's petition for modification (see Matter of R.O. v Cond-Arnold, 99 AD3d at 801; Matter of Ruiz v Travis, 84 AD3d 1242). Accordingly, the matter must be remitted to the Family Court, Orange County, for a continued hearing as to whether a change in circumstances exists and, if so, whether it requires a modification of parental access to ensure the continued best interests of the child.
LEVENTHAL, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court