Matter of Jenkins v Chandler (2019 NY Slip Op 00596)





Matter of Jenkins v Chandler


2019 NY Slip Op 00596


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2018-00628
 (Docket Nos. V-23599-08/16Q, V-23599-08/17S, V-23599-08/17T)

[*1]In the Matter of Adrian Jenkins, appellant, 
v
Michelle A. Chandler, respondent.


Adrian Jenkins, Brooklyn, NY, appellant pro se.
Melissa Paquette, Brooklyn, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Lee D. Tarr and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Dean T. Kusakabe, J.), dated December 11, 2017. The order, insofar as appealed from, after a hearing, dismissed that branch of the father's petition which was to modify the summer parental access provisions of a prior order of custody and parental access of the same court (Helene D. Sacco, J.) dated October 9, 2009.
ORDERED that the order dated December 11, 2017, is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of one child born in 2008. On October 9, 2009, the Family Court issued an order of custody and parental access that awarded the mother sole custody of the child, with parental access to the father, including two weeks of parental access in July and two weeks of parental access in August. A so-ordered stipulation of settlement dated July 29, 2014, provided that the father was to have summer parental access with the child during the second two weeks of July and the second two weeks of August in odd-numbered years, and during the first two weeks of July and the first two weeks of August in even-numbered years. A so-ordered stipulation of settlement dated December 8, 2015, further clarified the parental access arrangement and provided that the "[p]arents understand that parent with final two weeks of August . . . will have those two weeks as summer [parental access] regardless of whether school is in session during those weeks."
In August 2017, the father filed a petition seeking, inter alia, to modify the summer parental access provisions of the order of custody and parental access dated October 9, 2009, on the basis that the mother had violated his parental access rights because she allegedly was not willing to share with the father part of her own summer vacation period with the child during the time period when the child was not in school. The Family Court dismissed that branch of the petition, and the father appeals.
We agree with the Family Court's determination to dismiss that branch of the father's [*2]petition which was to modify his period of summer parental access. "An order of custody or [parental access] may be modified only upon a showing that there has been a subsequent change of circumstances such that modification is required to ensure the best interests of the child" (Matter of C.H. v F.M., 130 AD3d 1028, 1028; see Matter of Brodie v Sepulveda, 163 AD3d 553, 554; Matter of Henry v Tucker, 157 AD3d 892, 893). Here, the father failed to submit any evidence to support his contention that there existed a change of circumstances with regard to summer parental access or that the mother violated any order of custody and parental access so as to warrant modification of the underlying order (see Matter of New v Sharma, 163 AD3d 675, 676; Matter of Brodie v Sepulveda, 163 AD3d at 554).
MASTRO, J.P., AUSTIN, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court