Matter of Morales v Goicochea (2019 NY Slip Op 06494)





Matter of Morales v Goicochea


2019 NY Slip Op 06494


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-02677
 (Docket Nos. V-419-15, V-420-15)

[*1]In the Matter of Martha C. Morales, petitioner,
v
Jose Goicochea, Jr., respondent; Charlize G. (Anonymous), et al., nonparty-appellants.


Daniel E. Lubetsky, Jamaica, NY, attorney for the children, the nonparty-appellants.
Tammi D. Pere, Jamaica, NY, for petitioner.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the children appeal from an order of the Family Court, Queens County (Juanita E. Wing, Ct. Atty. Ref.), dated January 25, 2018. The order granted the father's motion, made at the close of the mother's case, to dismiss the mother's petition to modify an order of custody and parental access of the same court dated January 28, 2015, for failure to establish a prima facie case, and dismissed the petition.
ORDERED that the order dated January 25, 2018, is reversed, on the law, without costs or disbursements, the father's motion to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith.
The parties have two children together. An order of the Family Court dated January 28, 2015 (hereinafter the January 2015 order), provided, inter alia, that the parties were to have joint physical and legal custody of the children, with the children alternating every week between the parties' homes. In June 2016, the mother filed a petition to modify the January 2015 order so as to award her primary physical custody of the children. The father interposed an answer, in which he opposed the relief sought by the mother, contending that there had been no change of circumstances. However, the father also asserted that the parties had orally agreed to modify the January 2015 order so as to have the children alternate between the parties' homes every two weeks, instead of every week.
At a hearing on her petition, the mother testified, and the Family Court conducted in camera interviews of the children, who were 11 and 12 years old, respectively, at the time. At the close of the mother's case, the father moved to dismiss the petition on the ground that the mother failed to establish a prima facie case of showing a change of circumstances. The father contended, inter alia, that the children's alleged preference to reside primarily with the mother, without more, was insufficient to establish a change of circumstances. Both the mother and the children opposed the father's motion. In an order dated January 25, 2018, the court granted the father's motion to dismiss the mother's petition, and dismissed the petition. The children appeal (see Matter of Newton v McFarlane, 174 AD3d 67).
"An order of custody or visitation may be modified only upon a showing that there has been a subsequent change of circumstances such that modification is required to ensure the best interests of the child" (Matter of Bacchus v McGregor, 147 AD3d 1049, 1050 [internal quotation marks omitted]; Matter of Cruz v Figueroa, 132 AD3d 669, 669; Matter of C.H. v F.M., 130 AD3d 1028, 1028; see Vollkommer v Vollkommer, 101 AD3d 1108, 1108; Matter of Aronowich-Culhane v Fournier, 94 AD3d 1114, 1115). "The best interests of the child are determined by a review of the totality of the circumstances" (Matter of Gonzalez v Santiago, 167 AD3d 885, 887; see Eschbach v Eschbach, 56 NY2d 167, 171). "In deciding a motion to dismiss a petition for failure to establish a prima facie case, the court must accept the petitioner's evidence as true and afford the petitioner the benefit of every favorable inference that can reasonably be drawn therefrom" (Matter of Bacchus v McGregor, 147 AD3d at 1050; see Matter of Cruz v Figueroa, 132 AD3d at 669; Matter of C.H. v F.M., 130 AD3d at 1028; Matter of R.O. v Cond-Arnold, 99 AD3d 801, 801; Matter of Kerwin v Kerwin, 39 AD3d 950, 951).
Here, accepting the mother's evidence as true and affording her the benefit of every favorable inference, the mother presented sufficient evidence to establish a prima facie case of showing a change of circumstances which might warrant modification of custody in the best interests of the children (see Matter of Gonzalez v Santiago, 167 AD3d at 887; Matter of R.O. v Cond-Arnold, 99 AD3d at 801-802; Matter of Ruiz v Travis, 84 AD3d 1242, 1243; see also Matter of Gelling v McNabb, 126 AD3d 1487, 1487). The mother testified at the hearing that the parties had orally agreed to alter the custody arrangement so as to have the children alternate between the parents' homes every two weeks, instead of every week as provided in the January 2015 order. This testimony was consistent with the father's statements in his answer. That both parents acknowledged that an adjustment to the original custody arrangement was needed, together with information derived from the in camera interviews and other evidence in the record that the weekly shifting between parental homes could be adversely impacting the children, was sufficient to warrant a full inquiry into what arrangement was in the children's best interests. "In addition, while not dispositive, the express wishes of older and more mature children can support the finding of a change in circumstances" (Matter of Burch v Willard, 57 AD3d 1272, 1273; see Matter of Cole v Nofri, 107 AD3d 1510, 1511; Matter of Nelson v Morales, 104 AD3d 1299, 1300; see also Matter of Fitzgerald v Fitzgerald, 172 AD3d 713). We therefore disagree with the Family Court's determination granting the father's motion to dismiss the mother's petition (see Matter of Gonzalez v Santiago, 167 AD3d at 887; Matter of R.O. v Cond-Arnold, 99 AD3d at 801-802; Matter of Ruiz v Travis, 84 AD3d at 1243).
Accordingly, we remit the matter to the Family Court, Queens County, for a continued hearing on the mother's petition to modify the January 2015 order (see Matter of Ruiz v Travis, 84 AD3d at 1243).
LEVENTHAL, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court