Matter of Orebek v Vail (2019 NY Slip Op 08564)





Matter of Orebek v Vail


2019 NY Slip Op 08564


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
JOHN M. LEVENTHAL, JJ.


2018-13704
 (Docket Nos. V-1756-08/18D, V-1758-08/18D)

[*1]In the Matter of Tracy L. Orebek, petitioner,
v
John H. Vail, respondent-respondent; Hailey . (Anonymous), et al., nonparty-appellants.


Geoffrey E. Chanin, Goshen, NY, attorney for the children, the nonparty-appellants.
Christopher J. Cardinale, Walden, NY, for respondent-respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the children appeal from an order of the Family Court, Orange County (Christine P. Krahulik, J.), dated November 8, 2018. The order granted the father's motion, made at the close of the mother's case, to dismiss the mother's petition to modify an order of custody and parental access of the same court (Andrew P. Bivona, J.) dated September 29, 2008, so as to award her residential custody of the parties' two youngest children, and dismissed the petition.
ORDERED that the order dated November 8, 2018, is reversed, on the law, without costs or disbursements, the father's motion to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Family Court, Orange County, for further proceedings consistent herewith.
An order of custody and parental access dated September 29, 2008, awarded the parties joint legal custody of their three children, with residential custody to the father and parental access to the mother. By petition dated May 15, 2018, the mother sought to modify the order of custody and parental access so as to award her residential custody of the parties' two youngest children (hereinafter together the subject children). The Family Court conducted a hearing, at which the mother and her husband testified in support of the petition. At the close of the mother's case, the father moved to dismiss the petition for failure to make a prima facie showing of a change in circumstances. In an order dated November 8, 2018, the court, over the opposition of the attorney for the children, granted the father's motion and dismissed the petition. The subject children appeal.
A party seeking modification of an existing custody or parental access order must demonstrate that there has been a change in circumstances such that modification is required to ensure the best interests of the children (see Matter of Vann v Ballinger, 174 AD3d 725, 726; Matter of Cruz v Figueroa, 132 AD3d 669, 669). In deciding a motion to dismiss a modification petition for failure to establish a prima facie case, the court must accept the petitioner's evidence as true and afford the petitioner the benefit of every favorable inference that can reasonably be drawn therefrom (see Matter of R.O. v Cond-Arnold, 99 AD3d 801).
Here, accepting the mother's evidence as true and affording her the benefit of every [*2]favorable inference, the mother presented sufficient evidence to make a prima facie showing of a change in circumstances which might warrant modification of the existing order of custody and parental access in the best interests of the subject children. We therefore disagree with the Family Court's determination granting the father's motion to dismiss the modification petition (see Matter of Gonzalez v Santiago, 167 AD3d 885, 887; Matter of R.O. v Cond-Arnold, 99 AD3d at 801).
In light of our determination, we need not reach the subject children's remaining contentions.
SCHEINKMAN, P.J., RIVERA, BALKIN and LEVENTHAL, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court