Rosenblatt v Ritter (2019 NY Slip Op 08882)





Rosenblatt v Ritter


2019 NY Slip Op 08882


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-09617
 (Index No. 203290/02)

[*1]Stacy A. Rosenblatt, respondent, 
v
James David Ritter, appellant.


Law Offices of Michael J. Alber, P.C., Commack, NY (Marc H. Stein of counsel), for appellant.
Carol J. Lewisohn, Cedarhurst, NY, attorney for the children.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Nassau County (Thomas Rademaker, J.), dated May 16, 2018. The order, after a hearing, denied the defendant's motion to modify the parental access provision of the parties' judgment of divorce so as to award him therapeutic parental access with the parties' children.
ORDERED that the order is affirmed, without costs or disbursements.
The parties have two children together, born in 2002 and 2003, respectively, and were divorced by judgment entered June 8, 2004, upon the defendant's default. Pursuant to the parental access provision of the judgment, the defendant was awarded parental access with the children "as agreed upon by the parties." Approximately four years after the judgment was entered, the defendant was incarcerated in Florida for the period of October 2008 to April 2016. Thereafter, more than a year after the defendant was released from prison, he moved to modify the parental access provision of the judgment so as to award him therapeutic parental access with the children. The plaintiff and the attorney for the children opposed.
After a hearing, the Supreme Court denied the defendant's motion on the grounds that the defendant failed to establish a substantial change in circumstances and that a change in parental access was contrary to the children's best interests. The defendant appeals.
A court-approved agreement setting forth terms of parental access "may be modified only upon a showing that there has been a [substantial] change [in] circumstances such that modification is [necessary] to ensure the best interests [and welfare] of the child" (Matter of C.H. v F.M., 130 AD3d 1028, 1028). The best interests of the child are determined by a review of the totality of the circumstances (see id.). Contrary to the defendant's contention, he failed to establish a substantial change in circumstances to warrant a modification of the judgment. The Supreme Court's determination that therapeutic parental access with the children would not be in their best interests has a sound and substantial basis in the record and should not be disturbed (see Matter of Mera v Rodriguez, 73 AD3d 1069, 1070; Matter of Johnson v Williams, 59 AD3d 445). The evidence at the hearing amply supports the court's findings that the defendant had not seen his two [*2]sons, who at the time of the hearing were 14 and 15 years old, respectively, since they were infants, had no relationship with them, and had not provided financial support for them.
The defendant's remaining contentions are without merit.
Accordingly, we affirm the order appealed from.
BALKIN, J.P., COHEN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court