Matter of Campbell v Blair (2020 NY Slip Op 00270)





Matter of Campbell v Blair


2020 NY Slip Op 00270


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-11169
 (Docket No. V-4028-17/17A)

[*1]In the Matter of Zodia Priscilla Campbell, appellant,
v
Dervin Lloyd Morris Blair, respondent.


Ralph R. Carrieri, Mineola, NY, for appellant.
Adrienne Flipse Hausch, Mineola, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Tammy Robbins, J.), dated August 23, 2018. The order, after a hearing, granted the father's application, made at the close of the mother's case, to dismiss the mother's petition to modify an order of the same court dated October 5, 2017, which, inter alia, awarded the father sole legal and residential custody of the parties' child, and dismissed the petition for failure to establish a substantial change in circumstances.
ORDERED that the order dated August 23, 2018, is reversed, on the law, without costs or disbursements, the father's application to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for further proceedings consistent herewith.
The parties are the parents of one child, born in 2006. By order dated October 5, 2017 (hereinafter the custody order), the Family Court awarded the father sole legal and residential custody of the child, and summer and Christmas vacations with the mother, who at that time lived in the country of Jamaica. The custody order expressly prohibited the parties from using or tolerating the use of corporal punishment on the child.
In a petition dated November 2, 2017, the mother sought to modify the custody order so as to award her sole legal and residential custody of the child, alleging a change of circumstances in that the father's then-girlfriend, now wife, used corporal punishment on the child, and that the child had become suicidal. The petition indicated that the mother still resided in the country of Jamaica. The Family Court granted the father's application to dismiss the petition, with leave to re-file if, and when, the mother moved from the country of Jamaica to the United States. The court subsequently granted the application of the attorney for the child to vacate the dismissal order and restore the petition to the calendar, upon allegations that the father was denying the child access to the mother, and the stepmother was physically abusing the child.
On August 23, 2018, a hearing was held on the petition. At the close of the mother's case, the father made an application to dismiss the petition on the ground that the mother had failed to establish her prima facie case showing a change of circumstances. The Family Court granted the father's application and dismissed the mother's petition. The mother appeals.
A party seeking modification of an existing custody order must demonstrate that there has been a change in circumstances such that modification is required to protect the best interests of the child (see Friederwitzer v Friederwitzer, 55 NY2d 89, 96; Matter of Cox v Cruz, 176 AD3d 1200; Matter of Fallarino v Ayala, 41 AD3d 714, 714). The best interests of the child are determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171). In deciding an application to dismiss a petition for failure to establish a prima facie case, the court must accept the petitioner's evidence as true and afford the petitioner the benefit of every favorable inference that can reasonably be drawn therefrom (see Matter of Gonzalez v Santiago, 167 AD3d 885, 887; Matter of Cruz v Figueroa, 132 AD3d 669, 669).
Here, accepting the mother's evidence as true and affording her the benefit of every favorable inference, the mother presented sufficient prima facie evidence of a change of circumstances which might warrant modification of custody in the best interests of the child (see Matter of Morales v Goicochea, 175 AD3d 1294; Matter of James R.O. v Cond-Arnold, 99 AD3d 801, 801-802). There was evidence that the mother had moved from the country of Jamaica and was now living in Staten Island with her husband and family. Further, the mother presented evidence that the stepmother had used corporal punishment on the child between the date of the custody order and the filing of the mother's petition, despite the fact that the custody order expressly prohibited the parties from using or tolerating the use of corporal punishment on the child. Accordingly, the Family Court should have denied the father's application to dismiss the petition, made at the close of the mother's case (see Matter of Morales v Goicochea, 175 AD3d at 1296; Matter of Gonzalez v Santiago, 167 AD3d at 887), and the matter must be remitted to the Family Court, Nassau County, for a continued hearing as to whether a change of circumstances exists and, if so, whether it requires a modification of custody in the best interests of the child.
CHAMBERS, J.P., AUSTIN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court