■ In the Matter of JOHN SS., Appellant, v AMY SS., Respondent. [878 NYS2d 803]—

Kavanagh, J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered July 25, 2008, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to hold respondent in willful violation of a prior order.

Pursuant to an order issued by Family Court that was stipulated by the parties in September 2006 (hereinafter the stipulated order), respondent (hereinafter the mother) was required to send photographs of the parties' three-year-old child to petitioner (hereinafter the father) four times each year. The father, who was incarcerated, was required, pursuant to the stipulated order, to keep his attorney informed of his address, who would then pass on the address to the mother so she could comply with that order. In January 2008, the father commenced this proceeding alleging that the mother had failed to send him the photographs of the child as required by the stipulated order and, as a result, she was in willful violation of its terms and conditions. At the fact-finding hearing, the father testified that since the entry of the stipulated order, he received two photographs of his child from the mother in 2006 and two more in 2007. He also claimed that when he was transferred to the Oneida Correctional Facility in Oneida County in August 2007, he

informed his attorney in writing of his new address and the attorney, in turn, notified the mother.[1]

At the close of the father's testimony, the mother moved for a directed verdict dismissing the petition arguing that there was insufficient evidence to show that she had willfully violated the stipulated order because no proof had been presented that the father had advised his attorney of his new mailing address each time that he had been transferred within the state's correctional system. Family Court, while denying the motion for a directed verdict, decided to dismiss the petition with a finding on the merits that the mother had not willfully violated the stipulated order. The father now appeals and we affirm.

In deciding the mother's motion for a directed verdict, Family Court was required to "accept the [father's] evidence as true and afford the [father] every favorable inference that could reasonably be drawn from that evidence, including resolving all credibility questions in the [father's] favor" (*Matter of David WW. v Laureen QQ.*, 42 AD3d 685, 686 [2007]; *see Matter of Stone v Wyant*, 8 AD3d 1046, 1046 [2004]). The father's testimony established that he did not receive the photographs as required by the stipulated order. However, the father admitted that on at least one occasion when he was transferred, he was not able to inform his attorney of his new address so that the attorney could, in turn, notify the mother where she should send the photographs as required by the order. Without such a showing, the father could not establish by clear and convincing evidence that the mother willfully violated the stipulated order (*see Matter of Cobane v Cobane*, 57 AD3d 1320, 1322 [2008]; *Matter of Aurelia v Aurelia*, 56 AD3d 963, 964 [2008]; *Matter of Blaize F.*, 48 AD3d 1007, 1008 [2008]), and, therefore, Family Court properly dismissed the petition.[2]

To the extent not specifically addressed herein, the father's remaining contentions have been reviewed and found to be without merit.

Rose, J.P., Kane, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

---

**1.** Petitioner was originally incarcerated at Collins Correctional Facility in Erie County. He was transferred to Oneida Correctional Facility in August 2007 and then to Franklin Correctional Facility in Franklin County in February 2008.

**2.** We note that, while not part of this appeal, the mother also filed a petition to modify the stipulated order so as to no longer require her to send the father pictures of the child. In the transcript of the hearing on that petition, which was heard the same day as the hearing on the instant petition and has been included in the record on this appeal, Family Court granted the mother's petition and amended the stipulated order.