*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 3, 2015          518281
_____

In the Matter of LISA M.
    CASWELL,
                    Appellant,

        v                          MEMORANDUM AND ORDER

THOMAS M. CASWELL,
                    Respondent.

(And Two Other Related Proceedings.)
_____

Calendar Date:  October 15, 2015

Before:  Garry, J.P., Egan Jr., Rose and Clark, JJ.

_____

        Emily Karr-Cook, Elmira, for appellant.

        Paul R. Corradini, Elmira, for respondent.

        Elizabeth J. Mannion, Elmira, attorney for the children.

_____

Clark, J.

        Appeal from an order of the Family Court of Chemung County
(Hayden, J.), entered December 17, 2013, which, among other
things, in three proceedings pursuant to Family Ct Act article 6,
dismissed the petitions at the close of petitioner's proof.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the divorced parents of three
children (born in 1994, 2002 and 2006).  In August 2010, the
parties stipulated to a custody and visitation order which, among
other things, granted the parties joint legal custody of the
children with the father maintaining primary physical custody.

As a result of a modification petition filed by the father, in August 2012 the parties stipulated to a modified custody and visitation order that granted sole legal and primary physical custody to the father and reduced the mother's visitation with the children.  In January 2013, the mother commenced the first of the instant proceedings, pursuant to Family Ct Act article 6, seeking to modify the prior order by awarding the parties joint legal custody and increasing her visitation – specifically, permitting her to have overnight visits – based on, among other things, concerns over corporal punishment, parental alienation and sexualized behavior of the youngest child.  The mother filed a second modification petition in February 2013 seeking joint legal custody and sole physical custody claiming a change in circumstances based on the middle and youngest children's behavioral and academic difficulties, among other things.  The mother then filed a third petition in July 2013.[1]  At the close of the mother's proof at a combined fact-finding hearing, Family Court granted the father's motion to dismiss the petitions finding that the mother failed to set forth a sufficient change in circumstances.  The mother appeals.

We reverse.  "In determining the father's motion to dismiss, Family Court was required to accept the mother's evidence as true, afford her the benefit of every favorable inference and resolve all credibility questions in her favor" (Matter of Nikki O. v William N., 64 AD3d 938, 939 [2009], lv dismissed 13 NY3d 825 [2009] [citations omitted]; see CPLR 4401; Family Ct Act § 165 [a]; Matter of Bouwens v Bouwens, 86 AD3d 731, 732 [2011]).  To survive a motion to dismiss, the mother was required to establish a change in circumstances warranting an inquiry into whether the best interests of the children would be served by modifying the existing custody arrangement (see Matter of Fountain v Fountain, 130 AD3d 1107, 1107-1108 [2015]; Matter of Dobies v Brefka, 83 AD3d 1148, 1149 [2011]).  With this standard in mind, we note that "less weight is afforded an existing arrangement which is based upon a stipulation, as here"

---

[1]  Although not distinguished as such by Family Court, the third proceeding appears to be one alleging a violation of the prior order.

(Matter of Miosky v Miosky, 33 AD3d 1163, 1166-1167 [2006]; accord Matter of Hayward v Thurmond, 85 AD3d 1260, 1261 [2011]).

The proof at the fact-finding hearing demonstrated that, since the August 2012 stipulated order, the youngest child has been diagnosed with attention deficit hyperactivity disorder, a diagnosis that has contributed to social and academic issues that persist despite medication. The middle child, too, has experienced a deterioration of academic performance. Further proof supported the mother's allegations of the father's interference with her visitation with the two younger children, as well as corporal punishment of the youngest child. Additionally, testimony from the mother's psychotherapist demonstrated that the mother's mental health had stabilized. Thus, upon our review of the record, we conclude that, taken together, the foregoing establishes a change in circumstances sufficient to satisfy the mother's threshold burden warranting a review of the issue of custody to ensure the continued best interests of the children (see Matter of Slovak v Slovak, 77 AD3d 1089, 1090-1091 [2010]; Matter of Gorham v Gorham, 56 AD3d 985, 986-987 [2008]). Accordingly, Family Court erred in granting the father's motion to dismiss at the close of the mother's proof.

Garry, J.P., Egan Jr. and Rose, JJ., concur.

ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Chemung County for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court