*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 7, 2016                    520917
_____

In the Matter of MARY BB.,
                    Appellant,
        v                                    MEMORANDUM AND ORDER

GEORGE CC.,
                    Respondent.
_____

Calendar Date:  May 24, 2016

Before:  Lahtinen, J.P., McCarthy, Garry, Clark and Mulvey, JJ.

_____

        James P. Curran, Hebron, for appellant.

        Cheryl L. Sovern, Clifton Park, for respondent.

        Timothy M. Bulger, Greenwich, attorney for the child.

_____

Garry, J.

        Appeal from an order of the Family Court of Washington County (Michelini, J.), entered February 9, 2015, which, in a proceeding pursuant to Family Ct Act article 6, dismissed the petition at the close of petitioner's proof.

        Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of four children (born in 2005, 2006, 2007 and 2008).  In September 2011, the parties consented to an order that maintained joint legal custody of the children, granted the father physical custody and awarded the mother visitation on the weekends and as the parties agreed.  The mother commenced this proceeding in August 2014, alleging inappropriate physical discipline by the father and seeking primary physical custody of the children.  Family Court (Wait,

J.) ordered a home study and, in November 2014, granted the mother temporary physical custody, with visitation to the father every other weekend. At a fact-finding hearing in February 2015, the father moved to dismiss the mother's petition at the conclusion of the mother's proof. Family Court (Michelini, J.) granted this motion on the ground that the mother had failed to establish a change in circumstances. The mother appeals.

"To survive a motion to dismiss, the mother was required to establish a change in circumstances warranting an inquiry into whether the best interests of the children would be served by modifying the existing custody arrangement" (Matter of Caswell v Caswell, 134 AD3d 1175, 1176 [2015] [citations omitted]; see Matter of Tara AA. v Matthew BB., 139 AD3d 1136, 1137 [2016]; Matter of Schlegel v Kropf, 132 AD3d 1181, 1182 [2015]). "In determining the father's motion to dismiss, Family Court was required to accept the mother's evidence as true, afford her the benefit of every favorable inference and resolve all credibility questions in her favor" (Matter of Caswell v Caswell, 134 AD3d at 1176 [internal quotation marks and citations omitted]; see CPLR 4401; Family Ct Act § 165 [a]; Matter of David WW. v Laureen QQ., 42 AD3d 685, 686 [2007]). Notably, "[a] custody order entered upon consent is afforded less weight than an order resulting from a judicial determination after a hearing" (Matter of Schlegel v Kropf, 132 AD3d at 1182 [internal quotation marks and citation omitted]; Matter of Tara AA. v Matthew BB., 139 AD3d at 1137).

Here, in support of her allegations, the mother submitted several photographs of the children showing some bruising allegedly caused by the father. She also testified regarding statements allegedly made by the children, most of which related to these photographs. The mother also proffered the testimony of her husband and the children's maternal grandmother regarding observations of discipline in the father's household, in which some of the children were "grabbed" and "shoved." The mother further testified at the fact-finding hearing that since the September 2011 custody order, she had moved out of an abusive household where she felt that she could not appropriately care for the children and, after a transitional period, she had then developed a new, supportive relationship and a stable household.

The attorney for the children did not appeal from the determination, but argues in support of the mother's position upon her appeal, asserting that Family Court erred by declining to proceed with a scheduled Lincoln hearing and, thus, deprived him of an opportunity to advocate for his clients (see generally Matter of Christopher B. v Patricia B., 75 AD3d 871, 873 [2010]; Matter of Figueroa v Lopez, 48 AD3d 906, 907-908 [2008]). However, the record reveals that the attorney for the child did not clearly object to dismissal on this ground during the hearing, but rather was equivocal as to whether the proposed Lincoln hearing would be helpful to the court. Further, although such hearings are well favored in the law, it bears noting that a Lincoln hearing is not the sole means available to advocate for children. Rather, an attorney for the child is expected and empowered to fully participate and advocate by all available means in presenting evidence on behalf of his or her client, and is fully vested with the responsibility to present any witness testimony and evidence as may be helpful in fulfilling the role of advocating for the child (see Family Ct Act § 241; 22 NYCRR 7.2 [d]; Matter of Krieger v Krieger, 65 AD3d 1350, 1351-1352 [2009]; Matter of White v White, 267 AD2d 888, 890 [1999]; see generally Matter of Jamie TT., 191 AD2d 132, 135-137 [1993]).

Viewed as a whole and accepted as true for this purpose, despite the existence of some apparent contrary evidence, the mother's proof regarding physical discipline in the father's household, together with the alleged improvement and stabilization of the mother's living situation, constituted a change in circumstances sufficient to overcome a motion to dismiss (see Matter of Caswell v Caswell, 134 AD3d at 1176-1177). The mother thus satisfied her initial burden, and a further and more complete inquiry as to whether a modification of custody is in the best interests of the children is warranted (see Matter of Dykstra v Bain, 127 AD3d 1516, 1517 [2015]; Matter of Colwell v Parks, 44 AD3d 1134, 1136 [2007]).[1] Accordingly, we find that

_____

[1] Family Court discussed some facts that are the proper subject of such an inquiry in its bench decision, including the absence of an indicated report following a child protective investigation of the mother's allegations; nonetheless, the

Family Court erred in granting the father's motion to dismiss on this ground.

Lahtinen, J.P., McCarthy, Clark and Mulvey, JJ., concur.


ORDERED that order is reversed, on the law, without costs, and matter remitted to the Family Court of Washington County for further proceedings not inconsistent with this Court's decision.



ENTER:

Robert D. Mayberger
Clerk of the Court

improper standard was applied and remittal is required for further development of the record.