*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 14, 2016                    520051
                                                       521049

_____

In the Matter of PAULA
    CRISELL,
                        Appellant,

        v

BARRY FLETCHER JR. et al.,
                        Respondents.

(Proceeding No. 1.)
_____          MEMORANDUM AND ORDER

In the Matter of BARRY R.
    FLETCHER SR. et al.,
                        Respondents,

        v

BARRY FLETCHER JR.,
                        Respondent,

        and

PAULA CRISELL,
                        Appellant.

(Proceeding No. 2.)
_____


Calendar Date:  June 2, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Aarons, JJ.

                      _____


        Teresa C. Mulliken, Harpersfield, for appellant.

        Christine McCue, Central Bridge, attorney for the child.

                      _____

Lynch, J.

Appeals (1) from an order of the Family Court of Delaware County (Becker, J.), entered October 20, 2014, which, among other things, dismissed petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, to modify a prior order of custody, and (2) from an order of said court, entered April 7, 2015, which, among other things, partially granted petitioners' application, in proceeding No. 2 pursuant to Family Ct article 6, for an order of custody.

Paula Crisell (hereinafter the mother) and respondent Barry Fletcher Jr. (hereinafter the father) are the parents of a son born in 2005. Pursuant to a May 2012 order, the father had sole legal and physical custody of the child and the mother had parenting time on alternating weekends, holidays and a two week period during the summers. In June 2012, the mother's husband passed away and she moved from Delaware County to Herkimer County with her two daughters from that marriage. Despite a drive of about 2½ hours and a requirement that she provide the transportation, the mother continued to exercise her parenting time until July 2013. According to the mother, at that point the father stopped communicating with her, ignoring phone calls and text messages. In April 2014, after being informed by a representative of the Delaware County Department of Social Services that the child had been temporarily removed from the father's home, the mother commenced proceeding No. 1 to modify the prior custody order, seeking to have the child live with her. Shortly thereafter, the child was placed with the paternal grandparents, petitioners Barry R. Fletcher Sr. and Sandra L. Fletcher (hereinafter collectively referred to as the grandparents), who live in Sullivan County. In September 2014, the grandparents commenced proceeding No. 2 seeking residential custody of the child so that the child could receive enhanced services that were available through the school district in Sullivan County, but ostensibly not available in Delaware County where the father resides.

On September 24, 2014, Family Court combined the proceedings and initiated a fact-finding hearing on both

petitions.  After the mother rested, Family Court granted the father's motion to dismiss the mother's petition, joined by both the grandparents and the attorney for the child, finding a "failure to make out a prima facie case to support a move.  And it is that failure that actually creates the extraordinary circumstance."  A further hearing was held on February 20, 2015, for what the court described as a "fact finding" on the grandparents' petition.  After hearing testimony from both the paternal grandmother and the mother, the court determined that a joint custody arrangement between the father and the grandparents, with residential custody to the grandparents, would be in the child's best interests.  The mother appeals both orders.

We reverse.  The mother contends that Family Court erroneously dismissed her custody modification petition because it utilized the wrong legal standard.  We agree.  A parent seeking to modify an existing custody order must "demonstrate[] a change in circumstances that warrants an inquiry into the best interests of the child" (Matter of Schlegel v Kropf, 132 AD3d 1181, 1182 [2015]).  In deciding the father's dismissal motion, Family Court was required to accept the mother's evidence as true, afford her every favorable inference and resolve credibility questions in her favor (see Matter of Caswell v Caswell, 134 AD3d 1175, 1176 [2015]).  Given this standard, the mother's evidence demonstrated that the father withheld visitation from her for approximately nine months and that the child had been placed in respite care with the Department of Social Services and was currently living with the grandparents, circumstances that readily constitute a change in circumstances warranting a reexamination of the best interests of the child (see Matter of Normile v Stalker, ___ AD3d ___, ___, 2016 NY Slip Op 04270, *2 [2016]; Matter of Bush v Miller, 136 AD3d 1238, 1239 [2016]).  Notably, the mother resumed visitation with the child once she learned that he was in respite care.  Instead of reexamining what would be in the child's best interests under the circumstances presented, Family Court opted to treat this matter as a relocation application governed by the standards outlined in Matter of Tropea v Tropea (87 NY2d 727 [1996]).  The flaw in that analysis is that the mother was not the custodial parent at the

time of her relocation to Herkimer County in June 2012 (id. at 739-741).  Given the above, we conclude that Family Court erred in dismissing the mother's petition and that proceeding No. 1 should be remitted to proceed to an examination of the best interests of the child (see Matter of Martin v Mills, 94 AD3d 1364, 1366 [2012]; Matter of Lowe v O'Brien, 81 AD3d 1093, 1094 [2011], lv denied 16 NY3d 713 [2011]).

We further conclude that because the outcome of the mother's petition could affect the grandparents' petition, proceeding No. 2 must also be remitted.  A parent has a superior claim to custody over all others "in the absence of surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances" (Matter of Battisti v Battisti, 121 AD3d 1196, 1196-1197 [2014] [internal quotation marks and citations omitted]).  In a custody dispute between a parent and a nonparent, the best interests of the child become relevant only after the nonparent has demonstrated extraordinary circumstances to overcome the parent's overriding custody claim (see Matter of Suarez v Williams, 26 NY3d 440, 446 [2015]; Matter of Eric X. v Keri Y., 138 AD3d 1202, 1204 [2016]).

Here, the issue of extraordinary circumstances remain to be determined (compare Matter of Elizabeth SS. v Gracealee SS., 135 AD3d 995 [2016]; Matter of Lina Y. v Audra Z., 132 AD3d 1086 [2015]).  Glaringly absent from this record is any affidavit or testimony from the father who, at this juncture, remains the sole custodial parent.[1]  Nor does the record provide the outcome of the child protective report filed against the father's wife, which led to the removal of the child from their home in the first instance.  While the record certainly indicates that the grandparents are attending to the child's needs and have coordinated enhanced services for the child through Sullivan County, no inquiry has yet been made as to whether such services would be available in Herkimer County, where the mother resides.

---

[1]  The father also failed to file a brief on this appeal.

McCarthy, J.P., Garry, Devine and Aarons, JJ., concur.


ORDERED that the orders are reversed, on the law, without costs, and matters remitted to the Family Court of Delaware County for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court