*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 29, 2016                    522351
_____

In the Matter of CRAIG C.
   ABRAM,
                        Appellant,

      v
                                          MEMORANDUM AND ORDER

MICHELLE A. ABRAM,
                        Respondent.

(And Two Other Related Proceedings.)
_____


Calendar Date:  November 17, 2016

Before:  Peters, P.J., Garry, Devine, Mulvey and Aarons, JJ.

                        _____


        Sandra M. Colatosti, Albany, for appellant.

        Jeffrey Berkun, Albany, for respondent.

        Kim Lawyer, Delmar, attorney for the child.

                        _____


Devine, J.

        Appeal from an order of the Family Court of Albany County
(Maney, J.), entered November 4, 2015, which, in three
proceedings pursuant to Family Ct Act article 6, dismissed the
petitions at the close of petitioner's proof.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the divorced parents of a son (born
in 2005).  The mother has legal and physical custody of the child
and, pursuant to a July 2014 order, the father was awarded
parenting time to be supervised by one of three named individuals
or any person "mutually agreed upon" by the parties.  The 2014

order further allowed the child to contact the father by telephone if the child chose to do so.

In January 2015, the father petitioned to modify the 2014 order to allow unsupervised visitation and other relief. Family Court issued a temporary order in April 2015 that awarded supervised visitation every Tuesday evening and directed "reasonable telephone contact" between the father and the child. The father then filed a petition alleging that the mother had willfully violated the 2014 order and temporary order, as well as one seeking modification of the temporary order. Family Court conducted a hearing on the petitions and, at the close of the father's proof, granted the mother's motion to dismiss them. The father now appeals.

With regard to the modification petitions, the father "was required to establish a change in circumstances warranting an inquiry into whether the best interests of the child[] would be served by modifying the existing" visitation arrangement (Matter of Caswell v Caswell, 134 AD3d 1175, 1176 [2015]; see Matter of Mary BB. v George CC., 141 AD3d 759, 760 [2016]). With regard to the violation petition, the father "was obliged to establish that there was a lawful court order in effect with a clear and unequivocal mandate, that the [mother] had actual knowledge of the conditions of that order, and that [her] actions or failure to act defeated, impaired, impeded or prejudiced a right of the [father]" (Matter of Prefario v Gladhill, 140 AD3d 1235, 1236 [2016] [internal quotation marks and citations omitted]; see Matter of Eller v Eller, 134 AD3d 1319, 1320 [2015]). In either case, inasmuch as the father's petitions were resolved in the context of the mother's motion to dismiss, Family Court had to accept the father's evidence as true, afford him the benefit of any favorable inference and resolve all credibility questions in his favor (see Matter of Mary BB. v George CC., 141 AD3d at 760; Matter of John SS. v Amy SS., 61 AD3d 1305, 1306 [2009]).

The father testified that his failure to fully take advantage of the supervised parenting time available to him stemmed from problems in arranging for supervisors. Most of those problems were not the fault of the mother but, that being said, the father testified that he proposed a new supervisor and

that, despite numerous attempts, the mother refused to communicate with that person.  The father further testified that the mother refused to facilitate telephone communication between him and the child and placed the calls on speaker phone when they did occur.  Accepting the foregoing proof as true and making all inferences in the father's favor, it revealed a relationship between the parties that had deteriorated enough to impair the father's contact with the child and, as such, indicated a change in circumstances sufficient to warrant revisiting the terms of the order (see Matter of Parchinsky v Parchinsky, 114 AD3d 1040, 1041 [2014]; Matter of Betancourt v Boughton, 204 AD2d 804, 806-807 [1994]; cf. Matter of Chase v Benjamin, 44 AD3d 1130, 1131-1132 [2007]).  The mother's motion to dismiss the modification petitions should therefore have been denied and remittal is necessary for further proceedings on them (see Matter of Mary BB. v George CC., 141 AD3d at 761).

Family Court did, however, properly dismiss the violation petition.  The father claims on appeal that the mother "did not put a great deal of effort into" arranging the parenting time contemplated by the 2014 and temporary orders.  The mother is not directed by either order to take specific steps in that regard and the father provided nothing to suggest that she willfully violated a "clear and unequivocal mandate" of them (Matter of Prefario v Gladhill, 140 AD3d at 1236; see Matter of Miller v Miller, 77 AD3d 1064, 1065-1066 [2010], lv dismissed and denied 16 NY3d 737 [2011]).

Peters, P.J., Garry, Mulvey and Aarons, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as dismissed petitioner's modification petitions; matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court