■ In the Matter of William EE., Respondent, v Christy FF., Appellant. (And Another Related Proceeding.) [55 NYS3d 818]—

Aarons, J. Appeal from an order of the Family Court of Chemung County (Tarantelli, J.), entered May 13, 2015, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2006 and 2007). Pursuant to a February 2012 order entered upon the stipulation of the parties, the mother had primary physical custody of the children with the father having visitation with them. In December 2014, the father commenced the first of these proceedings by filing a petition to modify the February 2012 order. The father's petition alleged that the mother failed to provide a suitable living environment for the children and that the children were exposed to domestic violence at the mother's house. Family Court (Rich Jr., J.) subsequently entered a temporary order awarding the father physical custody of the children and the mother supervised visitation. The mother thereafter filed a petition to place the children back in her care and moved to vacate the temporary order.

A hearing was held on the competing petitions and, following the close of the father's proof, the mother moved to dismiss the father's petition. Family Court (Tarantelli, J.) denied the motion. After the completion of the hearing, Family Court, among other things, directed that the mother have parenting time on the weekends and the father have parenting time on weekdays during the school year. Family Court also ordered the parties to share all major holidays and school vacations and that parenting time would be split equally during the summer school break. The mother appeals. We affirm.

To survive the mother's motion to dismiss, it was incumbent upon the father to demonstrate a change in circumstances that, if established, would warrant an inquiry into whether modification of the existing custody order served the best interests of the children (see Matter of Mary BB. v George CC., 141 AD3d 759, 760 [2016]; Matter of Le Blanc v Morrison, 288 AD2d 768, 769 [2001]). When deciding the mother's dismissal motion, "Family Court was required to accept the father's evidence as true and afford the father every favorable inference that could reasonably be drawn from that evidence, including resolving all credibility questions in the father's favor" (Matter of John SS. v Amy SS., 61 AD3d 1305, 1306 [2009] [internal quotation marks, brackets and citation omitted]; see CPLR 4401; Family Ct Act § 165 [a]; Matter of Caswell v Caswell, 134 AD3d 1175, 1176 [2015]).

At the hearing, the father testified as to his concerns about the children being exposed to physical abuse at the mother's residence based upon his conversations with the children. The father further stated that he saw the mother with bruises or black eyes "about a dozen" times and that the mother would at-

tempt to hide any black eyes with sunglasses (*see Matter of Starkey v Ferguson*, 80 AD3d 799, 801 [2011]). As to the children's education, the father testified that in a four-month period prior to the filing of his modification petition, the children were enrolled in three different schools. In addition, the children would either be late to or absent from school while they were in the mother's care. Viewing this evidence in a light favorable to the father, we find that Family Court properly denied the mother's motion to dismiss (*see Matter of Caswell v Caswell*, 134 AD3d at 1176). We further conclude that, based upon the instability of the mother's living arrangements and its impact upon the children's education and the evidence of domestic violence, the requisite change in circumstances exists warranting a best interests of the children analysis (*see Matter of Hamilton v Anderson*, 99 AD3d 1077, 1078-1079 [2012]; *Matter of Siler v Wright*, 64 AD3d 926, 928 [2009]).

The various factors that a court must assess in determining the best interests of the children include "maintaining stability in the children's lives, the wishes of the children, the parties' fitness and ability to provide for the children's intellectual and emotional development, the willingness of each parent to foster a relationship with the other, each parent's past performance and the quality of the respective home environments" (*Matter of Normile v Stalker*, 140 AD3d 1233, 1234 [2016] [internal brackets, quotation marks and citations omitted]; *see Matter of Snow v Dunbar*, 147 AD3d 1242, 1243 [2017]). Here, the testimony from the hearing reveals that the parties are loving parents. Indeed, Family Court noted that both parties had the ability to meet the children's needs. As to the father, notwithstanding his shortcomings, the record evidence demonstrates that he was able to provide a suitable and stable home environment for the children. The children's grades and school attendance have improved since their matriculation at their current school, and the evidence demonstrates that he was better suited to ensure that the children's educational needs were being met. The mother admitted that she worked late hours and that there have been times when the children were late to school while they were in her care. While the mother denied that she had been physically abused and submitted evidence questioning the father's ability to care and provide a safe home environment for the children, we accord deference to Family Court's credibility determinations and its assessment of conflicting evidence (*see Matter of Carr v Stebbins*, 135 AD3d 1013, 1014 [2016]; *Matter of Hughes v Hughes*, 80 AD3d 1104, 1105 [2011]). Viewing the evidence in its totality, we find that Family Court's determination is supported by a sound and

substantial basis in the record (*see Matter of Richard Y. v Vanessa Z.*, 146 AD3d 1050, 1051-1052 [2017]; *Matter of Colvin v Polhamus*, 145 AD3d 1350, 1352 [2016]; *Matter of Menhennett v Bixby*, 132 AD3d 1177, 1179-1180 [2015]). We also discern no basis to disrupt the parenting schedule crafted by Family Court (*see Matter of Manell v Manell*, 146 AD3d 1107, 1110 [2017]; *Matter of Coleman v Millington*, 140 AD3d 1245, 1247 [2016]).

Finally, while Family Court erred in considering a report from the Department of Social Services when deciding the mother's dismissal motion and making its ultimate determination, such error was harmless in light of the independent testimonial evidence from the father (*see Matter of Thomas v Osborne*, 51 AD3d 1064, 1069 [2008]; *cf. Matter of Kylene FF. v Thomas EE.*, 137 AD3d 1488, 1492 [2016]). Family Court's consideration of an exhibit documenting the children's postpetition school absences on the issue of a change in circumstances was likewise harmless error.

Garry, J.P., Lynch, Rose and Mulvey, JJ., concur. Ordered that the order is affirmed, without costs.