■ In the Matter of HECTOR W. SANCHEZ, Appellant, v PRIS-CILLA R. SANTIAGO, Respondent. (And Another Related Proceeding.) [61 NYS3d 924]—

Rose, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered March 4, 2016, which, among other things, partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

In May 2015, Family Court entered an order awarding respondent (hereinafter the mother) sole custody of the parties' child (born in 2008), with a schedule of visitation to petitioner (hereinafter the father). Five months later, the father commenced these two proceedings seeking sole custody of the child and to hold the mother in violation of the May 2015 order. The father alleged that he could not reach the mother by phone and, as a result, he had been denied visitation with the child since the entry of the May 2015 order. Following a hearing, Family Court dismissed the violation petition and partially granted the modification petition by, among other things, specifying pick up and drop off locations and times to facilitate the father's visitation. The father now appeals.

We are unpersuaded by the father's contention that Family Court erred in denying his request for sole custody. Initially, the parties do not dispute that their breakdown in communication and the father's lack of visitation constituted a change in circumstances warranting a best interests analysis (*see Matter of Gallo v Gallo*, 138 AD3d 1189, 1190 [2016]; *cf. Matter of Abram v Abram*, 145 AD3d 1377, 1378-1379 [2016]). As to the best interests of the child, the record reflects that Family Court was well acquainted with the parties, and the facts that led to the mother's award of sole custody in May 2015 remained largely unchanged at the time of the fact-finding hearing. As a result, the fact-finding hearing focused on the father's efforts to visit with the child. Regarding these efforts, the record fully supports Family Court's finding that, although the mother's phone often could not receive calls, there were other means by which the father could have contacted the mother. Further, the father does not dispute that he had previously exercised his right of visitation without contacting the mother beforehand. We note that, after the commencement of these proceedings, the father still failed to exercise any visitation with the child.

In light of the foregoing, and after according deference to Family Court's factual findings (*see Matter of Emmanuel SS. v Thera SS.*, 152 AD3d 900, 902 [2017]; *Matter of Bailey v Blair*, 127 AD3d 1274, 1276 [2015]), we find that Family Court's decision to continue the custodial arrangement, while putting in place measures to facilitate the father's visitation, is supported by a sound and substantial basis in the record. The father's related contention that Family Court abused its discretion in failing to appoint an attorney for the child is unpreserved for our review (*see Musacchio v Musacchio*, 107 AD3d 1326, 1327 [2013]).

Finally, we reject the father's conclusory assertion that Family Court abused its discretion in dismissing the violation petition. Our review of the record confirms Family Court's finding that, although the mother had a "cavalier" attitude regarding the child's relationship with the father, she never affirmatively refused or denied the father visitation with the child. Accordingly, we find that the father failed to establish that the mother "willfully violated a 'clear and unequivocal mandate' " of the May 2015 order (*Matter of Abram v Abram*, 145 AD3d at 1379, quoting *Matter of Prefario v Gladhill*, 140 AD3d 1235, 1236 [2016]).

Peters, P.J., McCarthy, Mulvey and Rumsey, JJ., concur. Ordered that the order is affirmed, without costs.