Matter of Simmes v Hotaling (2018 NY Slip Op 07984)





Matter of Simmes v Hotaling


2018 NY Slip Op 07984


Decided on November 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2018

524150

[*1]In the Matter of CAMMIE L. SIMMES, Respondent,
v
WILLIAM HOTALING, Appellant. (Proceeding No. 1.)
In the Matter of WILLIAM HOTALING, Appellant,
v
CAMMIE L. SIMMES, Respondent. (Proceeding No. 2.) (And Another Related Proceeding.)

Calendar Date: October 10, 2018

Before: Garry, P.J., Lynch, Devine, Aarons and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (Paula Nadeau Berube of counsel), for respondent.
Elena Jaffe Tastensen, Saratoga Springs, attorney for the children.



MEMORANDUM AND ORDER
Devine, J.
Appeal from an order of the Family Court of Warren County (Kershko, J.), entered October 14, 2016, which, among other things, granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Cammie L. Simmes (hereinafter the mother) and William Hotaling (hereinafter the father) are the parents of a daughter (born in 1999) and a son (born in 2001). Pursuant to orders that were incorporated but not merged into the parties' 2002 judgment of divorce and whose terms were largely continued in a 2013 consent order, the parties had joint legal custody of the children, with the mother having primary physical placement and the father entitled to specified parenting time.
In June 2015, the mother commenced proceeding No. 1 to modify the custodial arrangement, alleging that the children found their time with the father to be uncomfortable for a variety of reasons and proposing that it be limited to whatever could be agreed upon by the parties. The father then commenced proceeding Nos. 2 and 3, alleging that the mother had willfully violated the terms of the 2013 order by failing to produce the children for visitation and seeking, among other things, enforcement of its provisions. A joint hearing was conducted on these matters at which the parties, the children and others testified. Family Court thereafter denied the relief sought by the father and awarded the mother sole legal and physical custody of the children, with the father to have agreed-upon parenting time to include parent-child counseling. The father appeals, and we now affirm.
Initially, the father's challenges regarding his parenting time with the daughter became moot when she turned 18 years old during the pendency of this appeal (see Matter of Beers v Beers, 163 AD3d 1197, 1198 n 1 [2018]; Matter of Cokely v Crocker, 157 AD3d 1033, 1034 [2018]). With respect to the son, the mother, as the party seeking modification of the existing visitation arrangement, was obliged to show "first, that there has been a change in circumstances since the prior order and, then, if such a change occurred, that the best interests of the child would be served by a modification of that order" (Matter of Thomas FF. v Jennifer GG., 143 AD3d 1207, 1208 [2016]; see Matter of Beers v Beers, 163 AD3d at 1198; Matter of Brent O. v Lisa P., 161 AD3d 1242, 1243 [2018]). The hearing testimony reflected that the mother was so afraid of the father that she avoided speaking to him and, while that problem existed before the 2013 order, a new development was the decaying effectiveness of having others deal with the father or his wife in the mother's stead. Family Court focused upon this deterioration in communication — which, contrary to the father's contention, was sufficiently demonstrated in the mother's case-in-chief to survive his dismissal motion (see e.g. Matter of Crisell v Fletcher, 141 AD3d 879, 881 [2016]) — and it constituted a change in circumstances that rendered joint legal custody unworkable and warranted a reassessment of the existing custodial arrangement (see Matter of Romero v Guzman, 158 AD3d 997, 999 [2018], lv denied 31 NY3d 908 [2018]; Matter of Dorsey v De'Loache, 150 AD3d 1420, 1421-1422 [2017]; Matter of Carr v Stebbins, 135 AD3d 1013, 1014 [2016]).
"In determining what modification of an existing custody order, if any, would best promote a child's interests, courts consider, among other factors, the child's need for stability, the parents' respective home environments, the length of the existing custody arrangement, past parenting performances and each parent's relative fitness, willingness to foster a positive relationship with the other parent and ability to provide for the child's intellectual and emotional development" (Matter of Angela N. v Guy O., 144 AD3d 1343, 1345 [2016] [citations omitted]; see Matter of Audreanna VV. v Nancy WW., 158 AD3d 1007, 1009-1010 [2018]). Family [*2]Court considered these factors and lamented the mother's refusal to communicate with the father or encourage the children to take the family challenges that he was facing into account and try to improve their relationship. That being said, Family Court was more concerned by the damage the father himself had done to those relationships by, among other things, rarely attending events of importance to the children, failing to interact with them or even remain at home during his parenting time, behaving in an angry or belittling manner toward them and allowing strangers to move into his residence without discussing the issue with them. Family Court credited the testimony that all of this made the children upset and anxious, and the son testified that he wanted to see less of the father and had asked the mother to seek modification of the visitation schedule. These factual findings and credibility assessments are entitled to deference and, after considering the failings of the father in conjunction with the preferences of a teenage son that constitute "some indication of what is in the child's best interests," we perceive a sound and substantial basis in the record for the custodial arrangement imposed by Family Court (Eschbach v Eschbach, 56 NY2d 167, 173 [1982]; see Matter of Cheryl YY. v Cynthia YY., 152 AD3d 829, 833-834 [2017]).
To close, the mother acceded to the son's wishes not to visit with the father, and Family Court did not abuse its discretion in finding that her failure to more actively encourage visitation was not a willful violation of a "clear and unequivocal mandate" in the 2013 order (Matter of Prefario v Gladhill, 140 AD3d 1235, 1236 [2016]; accord Matter of Sanchez v Santiago, 154 AD3d 1099, 1100 [2017]).
Garry, P.J., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.