Matter of Tamara T. v Brandon U. (2020 NY Slip Op 01419)





Matter of Tamara T. v Brandon U.


2020 NY Slip Op 01419


Decided on February 27, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 27, 2020

528365

[*1]In the Matter of Tamara T., Respondent,
v
Brandon U., Appellant. (Proceeding No. 1.)
In the Matter of Brandon U., Appellant,
v
Tamara T., Respondent. (Proceeding No. 2.) (And Three Other Related Proceedings.)

Calendar Date: January 10, 2020

Before: Garry, P.J., Mulvey, Devine, Pritzker and Colangelo, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Erin K. Hayner, Saratoga Springs, for respondent.



Devine, J.
Appeal from an order of the Family Court of Fulton County (Skoda, J.), entered December 13, 2018, which, among other things, partially dismissed petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Brandon U. (hereinafter the father) and Tamara T. (hereinafter the mother) are the parents of a child (born in 2015). The parents were awarded joint legal custody under the terms of a 2016 order, with the mother having physical custody and the father having parenting time. The father was incarcerated beginning on December 31, 2017. A variety of petitions were thereafter filed, including, in relevant part, modification petitions by the mother and the father and two enforcement petitions by the father. Following a combined hearing, Family Court found that the father's incarceration constituted a change in circumstances that warranted a reassessment of the custodial arrangement. Family Court determined that joint legal custody should continue and that the best interests of the child lie in awarding the father telephonic and written contact, but not in-person visitation, with the child. The court further determined that the father had failed to establish a willful violation of the 2016 order and dismissed his enforcement petitions. The father appeals, arguing that his request for visitation and the enforcement petitions should have been granted.
We disagree and affirm. Visitation with a noncustodial parent, even one who is incarcerated, is presumed to be in the best interests of the child (see Matter of Granger v Misercola, 21 NY3d 86, 91 [2013]; Matter of Benjamin OO. v Latasha OO., 170 AD3d 1394, 1395 [2019], lv denied 33 NY3d 909 [2019]). The mother was obliged to rebut that presumption by showing "that visitation with the [father] would, under all of the circumstances, be harmful to the child[]'s welfare or contrary to [her] best interests" (Matter of Aaron OO. [Amber PP.], 170 AD3d 1436, 1437 [2019]; see Matter of Granger v Misercola, 21 NY3d at 91-92; Matter of Newman v Doolittle, 151 AD3d 1233, 1234 [2017]). In assessing what would be in the best interests of the child, the factors to be considered include "the age of the child, the lack or existence of a meaningful relationship between the parent and the child, the distance and travel time entailed, and the length of the parent's prison sentence" (Matter of Duane FF. [Harley GG.], 135 AD3d 1093, 1095 [2016], lv denied 27 NY3d 904 [2016]; see Matter of Benjamin OO. v Latasha OO., 170 AD3d at 1395).
The father frequently saw the child prior to November 2017, and there was no dispute that they should continue to communicate during his incarceration. That said, the child was only three years old at the time of the hearing and would have had to endure a lengthy trip to visit the father in prison.[FN1] Any visitation would need to be facilitated by the father's relatives given that his conduct toward the mother resulted in the issuance of an order of protection in her favor. The father further acknowledged that he expected to be released from prison several months after the hearing, meaning that he would have few visits with the child under his own proposed visitation schedule.[FN2] In view of the foregoing, we find a sound and substantial basis in the record for Family Court's determination that in-person visits were not in the child's best interests (see Matter of Kelly v Brown, 174 AD3d 1523, 1524 [2019], lv denied 34 NY3d 907 [2020]; Matter of Benjamin OO. v Latasha OO., 170 AD3d at 1396-1397; Matter of Ruple v Harkenreader, 99 AD3d 1085, 1086 [2012]).
Finally, inasmuch as the father failed to produce any evidence to show that his lack of visitation with the child before his incarceration stemmed from a willful violation of the 2016 order by the mother, Family Court properly dismissed his enforcement petitions (see Matter of Simmes v Hotaling, 166 AD3d 1329, 1331 [2018], lv dismissed and denied 33 NY3d 1043 [2019]; Matter of Sanchez v Santiago, 154 AD3d 1099, 1100 [2017]).
Garry, P.J., Mulvey, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: We take judicial notice that the approximate distance from the child's home to the father's prison is 220 miles (see e.g. People v Van Gaasbeck, 189 NY 408, 419 [1907]) and observe that, given that distance, the father grossly underestimated the required travel time in his testimony.

Footnote 2: The father's expectation of release proved inaccurate, but that "change in circumstance is more appropriately the subject of a modification petition" than a matter for this appeal (Matter of Moore v Schill, 44 AD3d 1123, 1123 [2007]).