Matter of Anthony YY. v Emily ZZ. (2020 NY Slip Op 07961)





Matter of Anthony YY. v Emily ZZ.


2020 NY Slip Op 07961


Decided on December 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 24, 2020

529766

[*1]In the Matter of Anthony YY., Respondent,
v
Emily ZZ., Appellant.

Calendar Date: November 17, 2020

Before: Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Carolyn Snyder Lemmon, Albany, for appellant.
Lawrence E. Becker, Albany, for respondent.
Elena Jaffe Tastensen, Saratoga Springs, attorney for the child.



Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Schenectady County (Burke, J.), entered May 29, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2003). Family Court issued an order in 2007 that awarded the parties joint legal custody of the child, with primary physical placement to the mother and parenting time to the father on weekends and as agreed. The father commenced this custody modification proceeding in 2018, arguing that the child should reside with him because of the mother's unstable employment and housing situation, as well as her difficult relationship with the child. Family Court conducted a hearing that included an in camera interview with the child and, following the mother's failure to appear for the final day of that hearing, granted temporary physical custody of the child to the father. Family Court thereafter issued an order that, among other things, modified the custodial arrangement to direct that the child primarily reside with the father and have weekend parenting with the mother. The mother appeals, and we affirm.
A parent seeking to modify an existing custody order must first show that a change in circumstances has occurred since the entry of the existing custody order that then warrants an inquiry into what custodial arrangement is in the best interests of the child (see Matter of Edwin Z. v Courtney AA., 187 AD3d 1352, 1353 [2020]; Matter of Jennifer VV. v Lawrence WW., 186 AD3d 946, 947-948 [2020]). Following a quick succession of moves prompted by deficiencies in their housing and the mother's intermittent employment, the mother and her family moved in with the child's maternal grandparents in 2018. The child has seesawed between two school districts due to those moves and her disciplinary problems, and, by the time of the hearing, was attending a school outside of her grandparents' school district that she could not reach by bus before the start of the school day. Family Court properly found from the foregoing, as well as the child's difficult relationship with the mother and her desire to live with the father, that a change in circumstances had occurred (see Matter of William EE. v Christy FF., 151 AD3d 1196, 1198 [2017]; Matter of Casarotti v Casarotti, 107 AD3d 1336, 1337-1338 [2013], lv denied 22 NY3d 852 [2013]). Family Court accordingly proceeded to a best interests analysis that, contrary to the mother's contention, appropriately weighed "the past performance and relative fitness of the parents, their willingness to foster a positive relationship between the child and the other parent, their fidelity to prior court orders and their ability to both provide a stable home environment and further the child's overall well-being" (Matter of Carrie ZZ. v Aaron YY., 178 AD3d 1291, 1292 [2019]; see Matter of Jennifer [*2]VV. v Lawrence WW., 186 AD3d at 948; Matter of Clayton J. v Kay-Lyne K., 185 AD3d 1243, 1244 [2020]).
Turning to that analysis, although the parties differ on disciplinary methods and the father was less engaged in the child's school affairs than the mother, they both appear to be capable parents who are able to communicate for the child's benefit. The major issue, as Family Court noted, was the mother's failure to provide the structured environment that mental health professionals recommended as particularly important for this child. The child has been subjected to a string of relocations and school transfers and, regardless of the reasons for that instability, her worsening behavioral problems and deteriorating relationship with the mother reflect that she has responded poorly to it. The child's problems have not notably improved despite the mother's efforts to address them and she would, in any event, remain forced to make a disruptively long commute to school if she continued to live with the mother. In contrast, the father resides in the school district where the child is enrolled — rendering her commute considerably easier — and they have maintained a good relationship. The child has sought out the father on occasions when she has run away from the mother, and her preference to live with him is entitled to "great weight" given her age (Matter of Battin v Battin, 130 AD3d 1265, 1266 [2015]; see Matter of McGovern v McGovern, 58 AD3d 911, 915 [2009]). After considering this proof, and according deference to the credibility and factual determinations of Family Court, we are satisfied that a sound and substantial basis in the record exists for the conclusion that it is in the best interests of the child for her to primarily reside with the father (see Matter of Michael Q. v Peggy Q., 179 AD3d 1329, 1331-1332 [2020]; Matter of Passero v Giordano, 53 AD3d 802, 804 [2008]).
Egan Jr., J.P., Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.