Matter of Nicole B. v Franklin A. (2022 NY Slip Op 06672)

Matter of Nicole B. v Franklin A.

2022 NY Slip Op 06672

Decided on November 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 23, 2022

534663
[*1]In the Matter of Nicole B., Appellant,
v
Franklin A., Respondent. (And Another Related Proceeding.)

Calendar Date:October 11, 2022

Before:Garry, P.J., Clark, Aarons, Pritzker and Fisher, JJ.

Christopher Hammond, Cooperstown, for appellant.
Adam H. Van Buskirk, Auburn, for respondent.
Lisa K. Miller, McGraw, attorney for the child.

Clark, J.
Appeal from an order of the Family Court of Chemung County (Mary M. Tarantelli, J.), entered November 21, 2021, which, among other things, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the amended petition at the close of petitioner's proof.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the unmarried parents of a child (born in 2015). Pursuant to a 2018 order, the father was granted sole legal and physical custody of the child, and the mother was granted scheduled parenting time every other weekend, as well as access to the child's records.[FN1] In 2019, Family Court continued the prior order but reduced the mother's parenting time to daytime visits every other Saturday, prohibited contact between the child and the mother's then-paramour — a registered sex offender with whom the mother has a younger child — and encouraged the mother to enroll in a parenting program through the Chemung County Department of Social Services.
In April 2021, after finding bruises and burns on the child, the mother filed a modification petition alleging that the child was being hurt during the father's parenting time and seeking emergency custody of the child. The father filed a written motion to dismiss the petition, which motion Family Court denied. The mother then filed an amended modification petition restating the allegations in the initial petition and adding that she had made significant improvements by working with various parenting and counseling programs and seeking joint legal and primary physical custody or, in the alternative, increased parenting time.
A fact-finding hearing ensued where the mother proffered the testimony of three witnesses in addition to herself, as well as various documents. At the close of the mother's proof, Family Court prompted the father to submit a motion to dismiss in writing, and the trial attorney for the child submitted a letter supporting said motion. The mother's counsel opposed, but the court ultimately granted the motion, stating that the mother had failed to show a change in circumstances sufficient to warrant an inquiry into the best interests of the child. The mother appeals.[FN2]
The mother and the appellate attorney for the child contend that Family Court erred in granting the father's motion to dismiss because the mother offered sufficient proof to establish a change in circumstances. "A parent seeking to modify an existing custody order must first show that a change in circumstances has occurred since the entry of the existing custody order that then warrants an inquiry into what custodial arrangement is in the best interests of the child" (Matter of David JJ. v Verna-Lee KK., 207 AD3d 841, 843 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Abigail Y. v Jerry Z., 200 AD3d 1512, 1513 [3d Dept 2021]). "Only after this threshold hurdle has been met will the court conduct a best interests analysis" (Matter of Nelson [*2]UU. v Carmen VV., 202 AD3d 1414, 1415 [3d Dept 2022] [internal quotation marks and citation omitted]; see Matter of Sarah OO. v Charles OO., 198 AD3d 1151, 1152 [3d Dept 2021]). "When, as here, Family Court is tasked with deciding a motion to dismiss at the close of the petitioner's proof, the court must accept the petitioner's evidence as true and afford the petitioner every favorable inference that could reasonably be drawn from that evidence, including resolving all credibility questions in the petitioner's favor" (Matter of Donald EE. v Heidi FF., 198 AD3d 1118, 1119 [3d Dept 2021] [internal quotation marks and citations omitted]; see Matter of Jeremy RR. v Olivia QQ., 206 AD3d 1195, 1196 [3d Dept 2022]).
The dismissal of the mother's modification petition was not supported by a sound and substantial basis in the record. The mother testified as to bruises, welts and burn marks that the child sustained during the father's parenting time, and she supported each allegation with photographs of said injuries. According to the mother, she spoke with the father in all but one of these instances, but the father was either unaware of the injuries or did not appear to take them seriously. She also said that the father never allowed her additional parenting time. Since the prior order, the mother testified that she had worked to improve her opportunities, including obtaining a learner's permit to drive and enrolling in college courses. The mother was also the primary custodian for her younger child. Kelly Dean, a caseworker with Chemung County Child Integration Services, worked with the mother in relation to the younger child for approximately nine months and, after observing the mother's growth in her parenting abilities, Dean opined that the mother did not need any further assistance and closed the case. Peter Karpovich, a peer specialist with Pathways, asserted that, in his time working with the mother, he observed that she had become very organized and responsible, and that she had worked to eliminate bad influences from her life. Michelle Wheeler, a family support specialist, testified that she had worked with the mother since the mother was pregnant with the younger child. Although Wheeler's sessions with the mother did not coincide with the mother's parenting time with the subject child, Wheeler noted that the mother had improved her parenting skills when dealing with the younger child.
Accepting the mother's proof as true and according her the benefit of every possible favorable inference, as we must, we find that Family Court erred in dismissing the mother's amended modification petition. Contrary to Family Court's assertion that the mother's proof was insufficient because the court, through the 2019 order, "anticipated, and in fact conditioned the mother's contact with the child" on the mother engaging in parenting counseling, that order merely sets out the mother's parenting time — two seven-hour visits per month — and then "encourage[s the [*3]mother] to voluntarily enroll with Chemung County Department of Social Services Protective Parenting and continue with the program until successfully discharged." After reviewing the record, we find that the mother's proof regarding injuries suffered by the child during the father's parenting time, taken together with the mother's improved parenting abilities and living conditions, demonstrated a change in circumstances sufficient to overcome a motion to dismiss (see Matter of Mary BB. v George CC., 141 AD3d 759, 761 [3d Dept 2016]; Matter of Caswell v Caswell, 134 AD3d 1175, 1176-1177 [3d Dept 2015]; Matter of David WW. v Laureen QQ., 42 AD3d 685, 686 [3d Dept 2007]). As a result, Family Court should have denied the father's motion to dismiss and proceeded with the fact-finding hearing.
Further, we agree with the mother and the appellate attorney for the child that this matter should be remitted to a different judge. Family Court demonstrated an inability to be fair at various stages of the proceeding, starting with the first appearance, where the court indicated that it was inclined to dismiss the mother's modification petition without a hearing, and the order on appeal makes clear that the court had, sua sponte, earlier dismissed several petitions filed by the mother. At the next appearance, the court again indicated that it was disinclined to modify the custody order and later — referring to the mother — stated that "the boy who cried wolf is very large and in charge of this case." At the opening of the fact-finding hearing, after noting that it had already held several hearings regarding this child, the court stated that if it "g[o]t the feeling as we go through that the burden of that change [in circumstances] is not going to happen . . . [the court is] going to cut things off." Then, at the close of the mother's proof, Family Court prompted the father to make a motion to dismiss the mother's petition, which motion the court granted. Based on Family Court's comments regarding its predispositions and its inappropriate comment regarding the mother's credibility, Family Court appears to have prejudged the case (see Matter of Gerard P. v Paula P., 186 AD3d 934, 939 [3d Dept 2020]; Matter of Nicole TT. v David UU., 174 AD3d 1168, 1172 [3d Dept 2019]). Therefore, this matter must be remitted for a new hearing before a different judge.
Garry, P.J., Aarons, Pritzker and Fisher, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted respondent's motion to dismiss the amended modification petition; motion denied; modification matter remitted to the Family Court of Chemung County for further proceedings not inconsistent with this Court's decision before a different judge, said proceedings to be commenced within 45 days of the date of this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: The mother appealed from the 2018 order, and, upon our review of the record, we affirmed (185 AD3d 1166 [3d Dept 2020]).

Footnote 2: Family Court also dismissed an enforcement petition that the mother filed pursuant to Family Court Act article 6 due to the mother's failure to present any proof in support of it. As the mother does not present any argument regarding the dismissal of her enforcement petition, she has abandoned that matter. Regardless, our review of the record indicates that the mother failed to present any evidence regarding the alleged violations.