Matter of Gary JJ. v Barbara KK. (2025 NY Slip Op 07251)

Matter of Gary JJ. v Barbara KK.

2025 NY Slip Op 07251

Decided on December 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 24, 2025

CV-24-0172
[*1]In the Matter of Gary JJ., Appellant,
v
Barbara KK. et al., Respondents. (And Another Related Proceeding.)

Calendar Date:November 17, 2025

Before:Garry, P.J., Clark, Aarons, McShan and Mackey, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Lora J. Tryon of counsel), for appellant.
Lisa A. Burgess, Indian Lake, for Barbara KK., respondent.
Alexandra G. Verrigni, Rexford, for Tazlin LL., respondent.
David P. Dylis, Amsterdam, attorney for the child.

McShan, J.
Appeal from an order of the Family Court of Warren County (Michael Hartnett, J.), entered December 14, 2023, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Petitioner (hereinafter the father) and respondent Barbara KK. (hereinafter the mother) are the parents of the subject child (born in 2020). In 2021, following the father's incarceration, a custody order was entered which awarded sole physical custody to respondent Tazlin LL. (hereinafter the aunt), the child's maternal aunt, and joint legal custody to the aunt and the mother. Further, the custody order provided that the father's release from the state prison system would constitute a change in circumstances enabling him to petition to modify the order. In July 2022, the father was released from prison, however, he was reincarcerated in December 2022.
In March 2023, the father filed two petitions — the first seeking to modify the prior order by awarding him in-person visitation and the second seeking to enforce the prior order in terms of his contact with the child.[FN1] Following a combined fact-finding hearing, Family Court determined that a change in circumstances had occurred by virtue of the father's initial release from prison, despite the fact that he was then reincarcerated. However, the court determined that in-person visitation would be inimical to the child's best interests. Accordingly, Family Court dismissed the father's petitions. The father appeals.[FN2]
We affirm. Although the parties initially disputed whether the father's release from prison constituted a change in circumstances in light of his reincarceration, that issue is no longer disputed on appeal. Thus, the inquiry on this appeal is limited to Family Court's determination that it would not be in the child's best interests to order in-person visitation at the father's correctional facility.[FN3] "Although parenting time with a noncustodial parent is presumed to be in a child's best interests, that presumption may be overcome where the party opposing visitation sets forth compelling reasons and substantial evidence that such visitation would be detrimental or harmful to the child's welfare" (Matter of Gabrielle Q. v James R., 233 AD3d 1407, 1408 [3d Dept 2024] [internal quotation marks and citations omitted]; accord Matter of Joenathan E. v Jennifer F., 242 AD3d 1339, 1340 [3d Dept 2025]). "In assessing what would be in the best interests of the child, the factors to be considered include the age of the child, the lack or existence of a meaningful relationship between the parent and the child, the distance and travel time entailed, and the length of the parent's prison sentence" (Matter of Tamara T. v Brandon U., 180 AD3d 1286, 1287 [3d Dept 2020] [internal quotation marks and citations omitted]; accord Matter of Joenathan E. v Jennifer F., 242 AD3d at 1340; see Matter of Robert SS. v Ashley TT., 143 AD3d 1193, 1194 [3d Dept [*2]2016]).
According the appropriate deference to the findings and credibility determinations of Family Court on matters of parenting time, we are satisfied that a sound and substantial basis supports the finding that in-person visits at the father's correctional facility were not in the child's best interests (see Matter of Joenathan E. v Jennifer F., 242 AD3d at 1340-1341; Matter of Tamara T. v Brandon U., 180 AD3d at 1287; Matter of Ruple v Harkenreader, 99 AD3d 1085, 1086-1087 [3d Dept 2012]; Matter of Cole v Comfort, 63 AD3d 1234, 1235-1236 [3d Dept 2009], lv denied 13 NY3d 706 [2009]). As noted by Family Court, the evidence at the fact-finding hearing established that the father had never physically met the child, as he was incarcerated for the majority of the child's life. More importantly, the father made minimal attempts to arrange contact with the child during the approximately six-month period between his release in July 2022 and his reincarceration in December 2022, and had only begun weekly phone contact with the child, facilitated by the aunt, after these proceedings were commenced.[FN4] Family Court also considered the various logistical concerns with in-person visits based upon the distance between his correctional facility and the aunt's residence. Among those concerns were issues with arranging travel for the child, who was under three years old at the time of the hearing. The aunt testified to the financial burden that would result from arranging childcare for the other children in her home if she were to assume the responsibility of transporting the child, and the father's suggestion that his family, none of whom had ever met the child, would be willing to provide transportation was vague and otherwise unsupported (see Matter of Benjamin OO. v Latasha OO., 170 AD3d 1394, 1396 [3d Dept 2019], lv denied 33 NY3d 909 [2019]; Matter of Conklin v Hernandez, 41 AD3d 908, 910 [3d Dept 2007]; see also Matter of Joseph F. v Stephanie G., 180 AD3d 1190, 1191-1192 [3d Dept 2020]). On these facts, we find no basis to disturb Family Court's determination.
Garry, P.J., Clark, Aarons and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: In accord with the mother and the aunt, the attorney for the child opposed the father's petition during the Family Court proceeding. The attorney for the child maintains that position on appeal.

Footnote 2: The father raises no arguments regarding Family Court's dismissal of his enforcement petition. Therefore, he has abandoned any challenge thereto (Matter of James EE. v Vanessa EE., 228 AD3d 1025, 1025 n 1 [3d Dept 2024]).

Footnote 3: At the time of the proceeding, the father was incarcerated at Mohawk Correctional Facility in Oneida County. However, current records reflect that, as of the time of this decision, he is currently incarcerated at Collins Correctional Facility, which is located in Erie County.

Footnote 4: The father sent two messages to the aunt via a social media platform, despite his knowledge of other means to contact her, and there is no indication that they were received.